FILED

United States District Court
District of Connecticut

2003 OCT 31  A 10: 49

US DISTRICT COURT
BRIDGEPORT CT

John B. DeRay,

       *Plaintiff*

v.

Russ Larson, *et al.*,

       *Defendants.*

Civil Action No.

3:02 CV 2139 (JCH)

October 31, 2003

LOCAL RULE 56(A)(1) STATEMENT AND DOCUMENTS IN SUPPORT OF
DEFENDANT OTIS ELEVATOR COMPANY'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(a)(1) of the Local Rules of this Court, Defendant, Otis Elevator Company ("Otis" or "the Company"), submits the following statement of undisputed material facts:

1.    Defendant Otis Elevator Company ("Otis") has a collective bargaining relationship with the International Union of Elevator Constructors ("IUEC") and at all times material to this lawsuit a collective bargaining agreement (CBA) was in effect between Otis and the IUEC. (Complaint, Section C)

2.    The plaintiff, John B. DeRay, was employed by Otis pursuant to the CBA as an elevator mechanic working on a project at the Mohegan Sun hotel in Connecticut.

1

While so working, DeRay was employed "on construction" within the meaning of the CBA and Otis's safety policy. (Larson@¶5[1])

2. On receiving the assignment to the Mohegan Sun, DeRay was required to complete Otis's safety examination and course, which he did. DeRay, also at the beginning of his employment by Otis at Mohegan Sun, reviewed the Otis Safety Manual, which provided, in part, "On construction, a safety harness or fall protection uniform and shock absorbing lanyard shall be worn at all times.". (Larson@¶¶4-6; DeRay@pp10-14[2])

3. DeRay's work assignment at Mohegan Sun included operating elevators that had been installed by Otis and were working in a normal fashion, although they had not been finally accepted by the customer. DeRay was instructed by Russ Larson, his Otis supervisor, to wear a safety harness while operating such elevators. (Larson¶6; DeRay@pp 16, 25)

---

[1] "Larson@¶ __" and "Larson@ex__" refer, respectively, to paragraphs of the affidavit of Russ Larson submitted in support of the defendant's motion for summary judgment and exhibits attached thereto. Pursuant to Local Rule 56(a)(3) the Larson affidavit and the other documents containing evidence supporting this statement of undisputed material facts are attached hereto.

[2] The deposition of the plaintiff was taken on September 4, 2003. References to the plaintiff's deposition will be identified as "DeRay@p__" ("p" will be the page number) or "DeRay@ex__" ("ex" will refer to deposition exhibits). Relevant deposition pages and exhibits are attached hereto.

4.  DeRay believed that wearing a safety harness on such elevators served no purpose (DeRay@p 52) and he objected to the requirement, but Larson instructed him to do so. (Larson ¶6)  DeRay wore the safety harness for a week or so in November 2001. Then, on November 27, 2001, DeRay went to the Otis construction office on the Mohegan Sun site and, according to DeRay, Russ Larson told him, "Take off your harness and I'll fire you." DeRay allegedly was offended by Larson's remark and, in protest, came to work without the harness. On his second day without the harness, Larson told him to put his harness on. The following day DeRay confronted Larson in the office and told Larson he (DeRay) was no longer willing to wear a safety harness. (Complaint, Exhibit 2)

5.  DeRay, contrary to explicit company rules and directions from his supervisors, continued through December 2001 and January 2002 to refuse to wear a safety harness. In December he was warned by Jeff Hastings, Otis's General Manger, that continued refusal to wear fall protection equipment could result in his termination from employment. (Larson@¶¶7-8)

6.  On January 28, 2002, Russ Larson, the Otis supervisor, issued a written memorandum to "All Construction Personnel," warning them that "On construction, a safety harness or fall protection uniform and shock absorbing lanyard shall be worn at all times." The memorandum listed four exceptions. None of those exceptions

applied to DeRay's work operating an elevator at Mohegan Sun. Larson issued this memorandum to be sure that DeRay and others were put on notice of the strict requirement for wearing fall protection (Larson@¶9)

7.    DeRay received a copy of the January 28, 2002 memorandum regarding the requirement to wear a safety harness, but he persisted in refusing to comply. (Larson@¶10) On or about February 5, 2002, DeRay was told by Dominic Accarpio, the business manager for IUEC Local 91, that if he did not wear the safety harness, he would be fired. (DeRay@69-70).

8.    On February 6, 2002, DeRay was not wearing his safety harness on the job and had not been wearing a safety harness for about two months, despite numerous warnings  On that day, Russ Larson terminated the employment of DeRay because he continued to violate the Otis safety policy regarding harnesses on construction sites. (DeRay@p 72); Larson@¶10 and Exhibit C))

9.    The memorandum given to DeRay notifying him of his termination cited Article XXII, paragraph 4(e) of the collective bargaining agreement in effect between Otis and the IUEC. That subparagraph provides as follows:

> It is understood and agreed that prior to terminating an employee for unsatisfactory performance who is to be replaced under this paragraph or any other employee, the Company will give a written warning to the employee with a copy to the Business Representative in order that the employee be given an opportunity to improve his work performance.

4

> Such a termination may be submitted as a grievance to the National Arbitration Committee as provided under Article XV as a final source of appeal.

The several oral warnings given to DeRay by Larson, Jeff Hastings and Dominic Accarpio and the written memorandum issued on January 28, 2002, a copy of which was provided to Mr. Accarpio, satisfied the requirements of Article XXII, paragraph 4(e) and DeRay's continued refusal to wear fall protection after this series of attempts at enforcement justified the termination of his employment. (Larson@¶ 11)

10. Article XV of the collective bargaining agreement provides that a grievance must be initiated at the "oral step" within ten working days after the cause of the grievance is known. The grievance may be initiated by the local union or by the employee. However, if it is initiated by the employee, the Local Business Representative must be present. No such grievance was initiated regarding the termination of DeRay's employment. (Larson@¶ 12)

11. After DeRay was terminated from his employment by Otis, he returned to the union hiring hall and was referred out for other work (DeRay@pp 93-94).

12. On or about February 22, 2002, DeRay wrote a letter with copies to Dominic Accarpio, Russ Larson and Jeff Hastings in which he expressed his "intent to file law suit" with regard to the matter that is now asserted in this action. (DeRay@81-83,Ex9).

5

Respectfully submitted,

Edward J. Dempsey
Labor Counsel
United Technologies Corporation
One Financial Plaza
Hartford, CT 06101
tel:   (860) 728-7858
fax:   (860) 728-6551
email: *ed.dempsey@utc.com*
Bar No. ct05183

6

**Affidavit of Russ Larson**

United States District Court
District of Connecticut

John B. DeRay,

    *Plaintiff*

v.

Russ Larson, *et al.*,

    *Defendants.*

Civil Action No.

3:02 CV 2139 (JCH)

October 31, 2003

AFFIDAVIT OF RUSS LARSON
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Russ Larson, submitting the following affidavit in support of the Defendant's Motion for Summary Judgment, says as follows:

1. I am over eighteen (18) years of age and I understand and believe in the obligation of an oath.

2. I have personal knowledge of the facts attested to in this affidavit and am prepared to testify to them at the time of trial.

3. I am employed by Otis Elevator Company as a field supervisor working in Connecticut from an office located at 242 Pitkin Street, East Hartford, Connecticut. During all times relevant to this lawsuit I was a supervisor for Otis at the Mohegan Sun location in Uncasville, CT.

1

4.  Workplace safety is a priority for Otis Elevator Company. In that connection, Otis has developed and published the "Otis Employee Safety Handbook. Section 15.0 of that handbook concerns "Fall Protection" and includes the requirement " On construction, a safety harness or fall protection uniform and shock absorbing lanyard shall be worn at all times." A copy of Section 15.0 of the safety handbook is attached to this affidavit as Exhibit A.

5. During all times material to this lawsuit, the plaintiff, John B. DeRay, when he was working for Otis at Mohegan Sun, was working "on construction" within the meaning of the Otis Employee Safety Handbook. This includes the time DeRay was operating an elevator.

6. Prior to beginning work for Otis at Mohegan Sun, DeRay was instructed in safety and was provided a copy of the Otis Employee Safety Handbook. During November 2001, DeRay complained to me that he believed it was unnecessary to wear fall protection while operating an elevator that was virtually completed and operating in a normal fashion. In response, I told DeRay there were no exceptions to the rule and he was required to wear fall protection while working for Otis at Mohegan Sun, including the time he spent operating an elevator. Shortly thereafter I saw DeRay at work without the required fall protection and I told him again that

he was required to wear it and that his continued refusal to wear the fall protection equipment could result in the termination of his employment.

7. DeRay continued to refuse to wear fall protection on the job. As a result he was again warned, in December 2001, by Jeff Hastings, Otis's General Manager, that continued refusal to wear fall protection equipment could result in his termination from employment.

8. DeRay continued through December 2001 and January 2002 to refuse to wear fall protection equipment while operating an elevator as part of his work for Otis, continuing to maintain that he believed the rule was not needed.

9. In order to be sure that DeRay, and anyone else who may have been influenced by DeRay's flouting of the rule, was put on notice of the strict requirement for wearing fall protection, on January 28, 2002 I issued a written memorandum to all construction personnel, with a copy to Dominic Accarpio, the Business Manager of IUEC Local 91, clearly reiterating the rule and noting with clarity the only exceptions to the rule. None of those exceptions applied at Mohegan Sun at the time. A copy of that memorandum is attached to this affidavit as Exhibit B.

10.   DeRay received a copy of the January 28, 2002 memorandum, but he continued to refuse to comply with the rule. As a result, I determined that no

3

further warnings would cause DeRay to comply and I determined to terminate his employment. I did so on February 6, 2002 in a memorandum directed to DeRay, with a copy to the union. A copy of that memorandum is attached to this affidavit as Exhibit C.

11.  The memorandum given to DeRay notifying him of his termination cited Article XXII, paragraph 4(e) of the collective bargaining agreement in effect between Otis and the IUEC. That subparagraph provides as follows:

> It is understood and agreed that prior to terminating an employee for unsatisfactory performance who is to be replaced under this paragraph or any other employee, the Company will give a written warning to the employee with a copy to the Business Representative in order that the employee be given an opportunity to improve his work performance. Such a termination may be submitted as a grievance to the National Arbitration Committee as provided under Article XV as a final source of appeal.

The several oral warnings given to DeRay by myself, Jeff Hastings and Dominic Accarpio and the written memorandum issued on January 28, 2002, a copy of which was provided to Mr. Accarpio, satisfied the requirements of Article XXII, paragraph 4(e) and DeRay's continued refusal to wear fall protection after this series of attempts at enforcement justified the termination of his employment.

12.  Article XV of the collective bargaining agreement provides that a grievance must be initiated at the "oral step" within ten working days after the

4

cause of the grievance is known. The grievance may be initiated by the local union or by the employee. However, if it is initiated by the employee, the Local Business Representative must be present. No such grievance was initiated regarding the termination of DeRay's employment.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON OCTOBER 29, 2003

_____
Russ Larson

5

## Certificate of Service

I, Edward J. Dempsey, hereby certify that a copy of the foregoing Local Rule 56(a)(1) Statement and Documents In Support of Defendant Otis Elevator Company's Motion For Summary Judgment was served on all parties by mailing a copy thereof this 30th day of October 2003 to all counsel of record and the plaintiff, appearing pro se:

J. William Gagne, Jr.
J. William Gagne & Assoc.
1260 Silas Deane Highway
Wethersfield, CT 06109

John B. DeRay
1078 New Britain Avenue
Apt. 104
West Hartford, CT 06110

Robert Matisoff
Keith R. Bolek
O'Donoghue & O'Donoghue
4748 Wisconsin Avenue, NW
Washington, DC 20016

_____
Edward J. Dempsey