UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN DeRAY,                                       :
     Plaintiff                                :     CIVIL ACTION NO.
                                                 :     3:02 CV 2139 (JCH)
VS.                                              :
                                                 :
RUSS LARSON, JEFF HASTINGS, ERNEST  :
LOWE, OTIS ELEVATOR, RONALD          :
KOERBEL, DOMINIC ACCARPIO, INT'L     :
UNION OF ELEVATOR CONSTRUCTORS,      :
     Defendants                               :     OCTOBER 31, 2003

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT DOMINIC ACCARPIO'S MOTION TO DISMISS

Pursuant to D.Conn. L.Civ.R. 7(a), defendant Dominic Accarpio respectfully submits this

memorandum of law in support of his motion to dismiss the instant case as against him.

I.    **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff, a former employee of Otis Elevator Co. [hereinafter "Otis"] and a member

of International Union of Elevator Constructors, Local 91 [hereinafter the "Union"], was fired

from his employment with Otis as an elevator mechanic. Otis asserted that his employment was

terminated for failure to wear a safety harness, and the plaintiff claims that he was fired in

retaliation for a grievance asserted against his supervisor, Russ Larson.[1] DeRay v. Larson, 2003

WL 22216187 at *1. The plaintiff purportedly filed a second grievance in which he disputed the

interpretation of the safety policy at issue and his termination. Id.

The plaintiff's complaint alleges that Mr. Accarpio is sued in his official capacity.

Complaint at § A, ¶ 6. The plaintiff alleges that the jurisdiction of the Court is invoked pursuant

to "Title 42 USC 1983[,] The Due Process Clause of the 14th Amendment, Violation and Breach

---

[1]This Court has dismissed the plaintiff's claims against Mr. Larson. DeRay, 2003 WL 22216187
at *2-4.

of Contract Violations Pursuant to Section 9-6 (C) Unfair Labor Practices"; however, he alleges

no facts which would bring his claim against Mr. Accarpio within the auspices of any of these

laws. Rather, the sole claim of alleged wrongdoing against Mr. Accarpio sounds in breach of the

duty of fair representation, as follows: "Dominic Accarpio failed or refuse[d] to represent

plaintiff regarding the grievance." Complaint at ¶ D, ¶ 25.

On September 16, 2003, this Court (Hall, J.) granted a motion by co-defendants Larson,

Hastings and Lowe to dismiss this action for failure to state a claim pursuant to Fed.R.Civ.Pro.

12(b)(6) [hereinafter the "Larson motion"]. Such defendants argued, and the Court held, that

these defendants could not be sued in their individual or official capacities under § 301 of the

Labor-Management Relations Act, 29 U.S.C. § 185 [hereinafter the "LMRA"].[2] DeRay v.

Larson, 2003 WL 22216187 at *2-4.

## II.    ARGUMENT

### A.    Standards for dismissal pursuant to Fed.R.Civ.Pro. 12(b)(6).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court should

dismiss the complaint if it appears "beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." Northrop v. Hoffman of Simsbury, Inc.,

134 F.3d 41, 44 (2d Cir.1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1052 (2d

Cir.1993), cert. denied 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994). The Second Circuit

has stated that, in deciding a Rule 12(b)(6) motion, "a district court must limit itself to facts

stated in the complaint or in documents attached to the complaint as exhibits or incorporated in

---

[2]On October 6, 2003, the plaintiff moved for reconsideration of the Court's dismissal of his claims against defendants Larson, Hastings and Lowe. The basis of the plaintiff's motion was his concern that his discovery efforts would be hampered if these individuals were not parties; he did not present any argument with respect to the substance of the Court's decision.

the complaint by reference." Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir. 1996).

It is not the Court's function to weigh the evidence that might be presented at a trial; the Court must merely determine whether the complaint itself is legally sufficient. Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir.1985). In doing so, the Court must accept the factual allegations of the complaint as true and construe all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The issue before the Court on a Rule 12(b)(6) motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir.1995), cert. denied 519 U.S. 808, 117 S. Ct. 50, 136 L.Ed.2d 14 (1996). The fact that a plaintiff is proceeding pro se does not relieve him of the obligation to allege sufficient facts upon which a recognized legal claim could be based. Kloth v. Citibank (South Dakota), N.A., 33 F.Supp.2d 115, 119 (D.Conn. 1998).

**B.    Because defendant Accarpio is immune from liability in the instant claim for breach of the duty of fair representation, the plaintiff's claims against him should be dismissed.**

The plaintiff has named Mr. Accarpio individually in this lawsuit, claiming that Mr. Accarpio breached the duty of fair representation.[3] Because Mr. Accarpio is immune from suit, however, the plaintiff's claims against him should be dismissed.

As this Court noted in its decision with respect to the Larson motion, § 301 of the LMRA does not allow suits against individual union employees. DeRay, 2003 WL 22216187 at *3, citing Complete Auto Transit, Inc. v. Reis, 451 U.S. 401, 407, 412-13, 101 S. Ct. 1836, 68

---

[3]The plaintiff testified at his deposition that he was not suing Mr. Accarpio individually, but in his official capacity as business agent for the Union. Tr. 9/4/03 at 104-105. As set forth in

L.Ed.2d 248 (1981), and <u>Atkinson v. Sinclair Ref. Co.</u>, 370 U.S. 238, 248, 82 S. Ct. 1318, 8.L.Ed.2d 462 (1962).    Under the LMRA, therefore, any suit is impermissible as against Mr. Accarpio.

Moreover, the Second Circuit has specifically addressed the issue of a suit against a union member for breach of the duty of fair representation.  In <u>Morris v. Local 819, Int'l Bhd. of Teamsters</u>, 169 F.3d 782, 784 (2d Cir. 1999) (per curiam), the Second Circuit Court of Appeals affirmed a district court's dismissal, pursuant to Fed.R.Civ.Pro. 12(b)(6), of a pro se plaintiff's complaint against an individual union member claiming that the member had violated the duty of fair representation.  The Court stated:

> The Supreme Court has long held that "union agents" are not personally liable to third parties for acts performed on the union's behalf in the collective bargaining process.  <u>See</u> <u>Atkinson v. Sinclair Refining Co.</u>, 370 U.S. 238, 247-49, 82 S. Ct. 1318, 8 L.Ed.2d 462 (1962), <u>overruled</u> <u>in</u> <u>part</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Boys Markets, Inc. v. Retail Clerk's Union, Local 770</u>, 398 U.S. 235, 241, 90 S. Ct. 1583, 26 L.Ed.2d 199 (1970). . . .  We now join the other circuits that have considered the issue and hold that **29 U.S.C. § 185(b) and the caselaw provide a shield of immunity for individual union members in suits for breach of the duty of fair representation.**  <u>See</u> <u>Evangelista v. Inlandboatmen's Union</u>, 777 F.2d 1390, 1400 (9th Cir.1985).  <u>See</u> <u>also</u> <u>Montplaisir v. Leighton</u>, 875 F.2d 1, 4 (1st Cir.1989) (shield against fair representation suits extends to union's agents); <u>Bey v. Williams</u>, 590 F.Supp. 1150, 1154-55 (W.D.Pa.1984) (union individuals immune from damages claims), <u>aff'd</u> <u>without</u> <u>opinion</u>, 782 F.2d 1026 (3d Cir.1986).  Since Flaherty [the union member] is immune from unfair representation claims, the district court properly granted the 12(b)(6) motion to dismiss those claims.  Accordingly, we affirm the judgment of the district court.

[emphasis added]

Therefore, because Mr. Accarpio is immune from liability with respect to the plaintiff's claim for breach of the duty of fair representation, this action should be dismissed as against this defendant.

---

Section II.D, below, however, no "official capacity" suit may be maintained against Mr. Accarpio.  The gravamen of the plaintiff's claim is, therefore, unclear.

4

**C.    Since the plaintiff has pled a hybrid § 301/DFR claim, and since the only proper parties to such a claim are the signatories to the collective bargaining agreement, the plaintiff's claims against Mr. Accarpio should be dismissed.**

In its decision with respect to the Larson motion, this Court recognized the well-established law that "section 301 litigants and defendants must be party to the contract in question." DeRay, 2003 WL 22216187 at *3, citing Abrams v. Carrier Corp., 434 F2d 1234, 1249 (2d Cir. 1970), and Trustees of the Health and Welfare and the Pension Funds of the Four Joint Boards v. Schlesinger Bros., Inc., 931 F.Supp. 204, 208 (S.D.N.Y. 1996). The Court further noted:

> While an employee, as a third-party beneficiary of the employer-employee contract, may be a plaintiff, courts have held that **defendants must be signatories to the contract itself for the federal court to exercise jurisdiction.** See Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc., 690 F.2d 489, 500-02 (5th Cir.1982), cert. denied, 464 U.S. 932, 104 S. Ct. 335, 78 L.Ed.2d 305 (1983); Haspel v. Bonnaz, Singer & Hand Embroiderers, Local 66, 216 F.2d 192 (2d Cir.1954), aff'g and adopting 112 F.Supp. 944 945 (S.D.N.Y.1953); Mason Tenders Dist. Council Welfare Fund v. Dalton, 648 F.Supp. 1309, 1310 n.1 (S.D.N.Y.1986), vacated by settlement, 1987 WL 5808 (S.D.N.Y. Jan.16, 1987); Bannerjee v. Papadakis, 583 F.Supp. 757, 760 (E.D.N.Y.1984).

DeRay, 2003 WL 22216187 at *3 [emphasis added].

While Mr. Accarpio is an agent of a party to the collective bargaining agreement, it is undisputed that he is not a party to the agreement. The only parties to the collective bargaining agreement are Otis Elevator Company and the Union. Therefore, pursuant to the well-established law as set forth in this Court's decision on the Larson motion, Mr. Accarpio is not a proper defendant to the plaintiff's hybrid § 301/DFR claim, and the plaintiff's claims should, therefore, be dismissed.

**D.**   **Because the plaintiff may not maintain a lawsuit against defendant Accarpio in his "official" capacity, the plaintiff's claims against him should be dismissed.**

In its decision with respect to the Larson motion, this Court also rejected the concept that the plaintiff could maintain a suit against an individual in his "official" capacity where the individual's employer was a private entity subject to suit. DeRay, 2003 WL 22216187 at *2, citing Coddington v. Adelphi University, 45 F.Supp.2d 211, 214 (E.D.N.Y. 1999); see also McBride v. Routh, 51 F.Supp.2d 153, 156 (D.Conn. 1999) (disallowing official capacity claim under Title VII).

The plaintiff has sued both the Union and its employee, Mr. Accarpio. No claim is made that the Union is immune from suit under sovereign immunity.[4]  Therefore, the plaintiff's claim against Mr. Accarpio in his "official" capacity, even if not otherwise fatally flawed, should be dismissed.

**E.**   **Because the plaintiff has alleged no other properly-pled federal question with respect to Mr. Accarpio, this action should be dismissed as to such defendant.**

The plaintiff alleges that the jurisdiction of the Court is invoked pursuant to "Title 42 USC 1983[,] The Due Process Clause of the 14th Amendment, Violation and Breach of Contract Violations Pursuant to Section 9-6 (C) Unfair Labor Practices." He has, however, alleged no facts which would bring his claim against Mr. Accarpio within the auspices of any of these laws. Therefore, even assuming, arguendo, that Mr. Accarpio could be a proper defendant if claims under such laws were properly pled, the plaintiff has failed to allege facts which, if proven,

---

[4]The defendants do not mean to imply by this statement that the plaintiff has pled a legally sufficient claim against the Union in this particular case or that such claims as he has pled can be prove.

would entitle him to relief from Mr. Accarpio, and so this action should be dismissed as to this defendant.

As set forth above, the plaintiff's sole allegation of wrongdoing against Mr. Accarpio is that he allegedly breached the duty of fair representation. Even a most generous reading of the complaint fails to set forth any basis for a finding that Mr. Accarpio, a private individual employed by a private entity, could be liable to the plaintiff under any of the laws recited by the plaintiff in Section B of his complaint. Neither the Constitution nor 42 U.S.C. § 1983 reaches individuals who are not state actors themselves or employed by state actors, do not engage in state action and do not act under color of law. Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002). To the extent that the plaintiff relies upon state law for his claims against Mr. Accarpio and/or the Union, such claims would be pre-empted by the LMRA. Bergeron v. Henderson, 52 F.Supp.2d 149, 153-54 (D.Me. 1999). Therefore, the plaintiff has failed to allege any theory under which he can recover from Mr. Accarpio even if an individual union member could be subject to liability in a claim for breach of the duty of fair representation.

In Kloth, supra, the Court acknowledged the limits to be placed on the generosity of construction of a pro se complaint:

> While a complaint must be liberally construed, Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir.1995), a pro se party's status does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based, Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir.1996). Bald assertions and conclusions of law will not suffice. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir.1996) (citations omitted).

Kloth, 33 F.Supp.2d at 119; see also Scherer v. U.S., 241 F.Supp.2d 1270, 1274 (D.Kan. 2003); Buwana v. Dept. of Higher Education, Regents of Univ. of Colorado, 55 F.Supp.3d 1139, 1143 (D.Colo. 1998).

In the instant case, the plaintiff has failed entirely to allege sufficient facts upon which a recognized legal claim could be grounded against Mr. Accarpio pursuant to any of his stated bases for jurisdiction. Therefore, this action should be dismissed as against Mr. Accarpio.

## III.  CONCLUSION

For the reasons set forth above, defendant Dominic Accarpio respectfully asks that this Court grant this motion to dismiss the claims against him.

DEFENDANT DOMINIC ACCARPIO

By

J. William Gagne, Jr.
Law Office of J. William Gagne, Jr. & Assoc., P.C.
1260 Silas Deane Highway
Wethersfield, CT  06109
(860) 522-5049
Federal Bar No. ct02126

8

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed via first-class mail, postage prepaid, on October 31, 2003, to all counsel and pro se parties of record, as set forth below:

Mr. John B. DeRay
1078 New Britain Avenue, Apt. 104
West Hartford, CT  06110

Robert Matisoff, Esquire
Keith R. Bolek, Esquire
O'Donoghue & O'Donoghue
4748 Wisconsin Avenue, N.W.
Washington, DC  20016

Edward J. Dempsey, Esquire
United Technologies Corp.
United Technologies Building
Hartford, CT  06101

J. William Gagne, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RECEIVED
SEP 1 5 2003

JOHN B. DeRAY                          :        CASE NO:
                                                3:02CV-2139 (JCH)

vs.                                    :

                                                SEPTEMBER 4, 2003
IUEC, LOCAL 91, ET AL                  :


DEPOSITION OF:   JOHN B. DeRAY


APPEARANCES:

    JOHN B. DeRAY
        Pro Se Plaintiff
        1078 New Britain Avenue - Apartment 104
        West Hartford, CT 06110
        (860) 523-4514

    O'DONOGHUE & O'DONOGHUE
        Attorneys for the Defendant IUEC/Koerbel
        4748 Wisconsin Avenue, NW
        Washington, D.C., 20016
        (202) 362-0041
    BY:  KEITH R. BOLEK, ESQ.


    J. WILLIAM GAGNE, JR. & ASSOCIATES
        Attorneys for the Defendant Local 91/Accarpio
        1260 Silas Deane Highway
        Wethersfield, CT 06109
        (860) 522-5049
    BY:  J. WILLIAM GAGNE, JR., ESQ.


    UNITED TECHNOLOGIES CORPORATION
        Attorney for the Defendant Otis Elevator/Larson, et al
        United Technologies Building
        Hartford, CT 06101
        (860) 728-7858
    BY:  EDWARD J. DEMPSEY, ESQ.


IN ATTENDANCE:
Ronald Koerbel
Dominic Accarpio
                        Christine E. Borrelli
                   Connecticut License No. 117
                Registered Professional Reporter


NIZIANKIEWICZ & MILLER REPORTING SERVICES



1   can be a hazard and a nuisance.  You have got guys tugging on

2   this thing when you're trying to operate an elevator just

3   saying, Hey, what is this for?  You know, it's just totally

4   unnecessary operating an elevator.

5        Q.    You made all of those arguments to Mr. Larson before

6   your termination, didn't you?

7        A.    No.  He wouldn't listen.

8        Q.    But you tried to explain?

9        A.    No.  His answer -- I'm sorry.

10       Q.    It's quite all right.  Go ahead.  Answer.

11       A.    His answer is you're on a construction site.  You

12  have to wear a harness.  I have to wear a harness.  You have

13  to wear a harness.

14       Q.    And you disagreed with this?

15       A.    Yes.

16            MR. DEMPSEY:  I don't have any further

17       questions.

18            MR. GAGNE:  I just have a couple.

19

20            RECROSS-EXAMINATION BY MR. GAGNE:

21

22       Q.    In your suit against Dominic Accarpio, that's not

23  against him individually, is it?

24       A.    No.

25       Q.    It's in his official capacity as business agent for



1    91?

2         A.    I think that's the necessary evil of bringing about

3    a lawsuit.  I am not a lawyer, but, you know, I think that's

4    customary, how it's done.  It's not anything personally

5    against Dominic.

6         Q.    But you're not suing him individually.  You're suing

7    him in his capacity as business agent.  Is that correct?

8         A.    That's correct.

9

10              REDIRECT EXAMINATION BY MR. BOLEK:

11

12         Q.    And just so that we have it all straight, with

13   regards to Ron Koerbel, you're not suing him in his individual

14   capacity, but you're suing him in his capacity as a union

15   officer?

16         A.    Yes.

17         Q.    You're suing him in his official capacity as the

18   Regional Director of the IUEC?

19         A.    Yes.

20              MR. BOLEK:  I don't believe I have any further

21   questions.

22              MR. GAGNE:  I just have one question.  Can you

23   mark that as Exhibit 13.

24

25              (Exhibit 13, Cartoons, marked for identification)

NIZIANKIEWICZ & MILLER REPORTING SERVICES

110

C E R T I F I C A T E

I, Christine E. Borrelli, a Notary Public and Licensed Court Reporter for the State of Connecticut, do hereby certify that the deposition of JOHN B. DeRAY, was taken before me pursuant to the Federal Rules of Civil Procedure, the Law Offices of J. William Gagne, Jr., 1260 Silas Deane Highway, Wethersfield, Connecticut, commencing at 10:10 a.m. on Thursday, September 4, 2003.

I futher certify that the witness was first sworn by me to tell the truth, the whole truth, and nothing but the truth, and was examined by counsel, and his testimony was stenographically reported by me and subsequently transcribed as herein before appears.

I further certify that I am not related to the parties hereto or their counsel, and that I am not in any way interested in the events of said cause.

Witness my hand this 9th day of September, 2003.

_____
Christine E. Borrelli
Notary Public
CT License No. 117

My Commission Expires:
June 30, 2006

NIZIANKIEWICZ & MILLER REPORTING SERVICES