UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DeRAY,<br>    Plaintiff<br><br>VS.<br><br>RUSS LARSON, JEFF HASTINGS, ERNEST LOWE, OTIS ELEVATOR, RONALD KOERBEL, DOMINIC ACCARPIO, INT'L UNION OF ELEVATOR CONSTRUCTORS,<br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    CIVIL ACTION NO.<br>3:02 CV 2139 (JCH)<br><br><br><br><br><br><br>NOVEMBER 25, 2003 |

### AFFIDAVIT OF DOMINIC ACCARPIO

I, Dominic Accarpio, being duly sworn, do hereby depose and say:

1. I am over the age of eighteen, and I believe in the obligation of an oath.

2. I am the business manager of the International Union of Elevator Constructors, Local 91 [hereinafter the "Union"], and I have served in such capacity since 1991. Before I was the business manager, I served as an agent for the Union for five years.

3. I am familiar with the provisions of the collective bargaining agreement in effect as between Otis Elevator Company [hereinafter "Otis"] and the Union at all times relevant to the instant litigation [hereinafter the "CBA"].

4. Article XV of the CBA sets forth the provisions with respect to the filing and processing of grievances.

5. Article XV ¶ 2 provides that the first step is the "oral step," which provides for an oral discussion of the grievance within ten (10) working days after the cause of the grievance is known or should reasonably have been known.

6. If an employee initiates the grievance process, I or another representative of the Union must be present at the discussion between the employee and the employer.

7. If the grievance is not resolved by the oral step, Article XV ¶ 3 provides that pursuant to the next step, known as "written step one," the grievant will submit a written grievance on provided forms within ten (10) days of the conclusion of the oral step.

8. Generally, at this stage, the employee will come to me, and I file the grievance electronically on his behalf.

9. Article XV ¶ 3 provides that within fifteen (15) working days after the written grievance is received by the respondent, a meeting will be held to discuss such grievance. Within ten (10) working days of the conclusion of such meeting, the respondent shall issue its written answer to the grievance, and the grievant shall thereafter indicate whether it appeals from such answer.

10. Article XV ¶ 3 provides that if the grievance disposition is not appealed, it shall be final and binding on all parties.

11. The plaintiff did not comply with the grievance procedures set forth in Article XV in that he did not initiate or request an oral step meeting after the termination of his employment.

12. The plaintiff did not comply with the grievance procedures set forth in Article XV in that he did not file a grievance in proper form after the termination of his employment.

13. The document submitted by the plaintiff and dated February 12, 2002, did not constitute a grievance within the meaning of Article XV.

14. The document submitted by the plaintiff and dated February 22, 2002, did not constitute a grievance within the meaning of Article XV.

15. Notwithstanding, on March 14, 2002, I met with the plaintiff and with Ronald Koerbel of the International Union of Elevator Constructors [hereinafter the "International"], in an attempt to resolve this matter.

16. In addition, also on March 14, 2002, Mr. Koerbel and I met with Ernest Lowe, Otis' labor relations representative, to discuss the termination of the plaintiff's employment.

17. During the meeting with Messrs. Koerbel and Lowe, I acknowledged that the plaintiff had been warned on several occasions about his refusal to wear a safety harness in accordance with Otis' safety policy and as directed by his supervisor, Russ Larson. I also acknowledged that I had gone to the job site and instructed the Union members operating elevators, including the plaintiff, that they were required to wear the safety harnesses.

18. In light of the fact that the plaintiff had been warned on divers occasions that he must wear the safety harness, that he had been told that failure to wear the harness would result in the termination of his employment, and that he had nonetheless intentionally and willfully refused to wear the safety harness, I determined that the plaintiff's purported grievance of the termination of his employment had no merit and that the Union would not pursue such grievance.

19. It is my understanding that, within approximately one week of the March 14, 2002, meeting, the plaintiff was advised orally that the Union would not be pursuing his grievance.

20. Subsequently, on May 23, 2002, I participated in a meeting involving the plaintiff, Mr. Koerbel, and another Union member, Judd White.

21. During that meeting, the plaintiff reiterated that he would not wear a safety harness to operate an elevator.

_____
Dominic Accarpio

3

STATE OF CONNECTICUT        )
                            )   ss:
COUNTY OF HARTFORD          )

    Subscribed and sworn to before me, the undersigned officer, this 25th day of November, 2003.

                                  _Kimberly M. Mayne_
                                  Notary Public / Kimberly M. Mayne
                                  ~~Commissioner of the Superior Court~~
                                  My Comm. Expires: May 31, 2006