

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

John DeRay
Plaintiff

CIVIL ACTION NO
3:02CV-2139 (JCH)

VS.

Russ Larson, Jeff Hasting,
Ernest Lowe, Otis Elevator
Ronald Koerbel, Dominic
Accarpio and International
Union of Elevator Construction (IUEC)
Defendants

December 2, 2003

Local Rule 56(a)2 Statement and Documents in Support of
Plaintiffs Disputed Issue of Material Fact

#2 DeRay was hired by Otis initially on a part time basis to operate an elevator at the

Bushnell Theater for the contractors.

DeRay was not to perform any construction work as defined in CBA Article VII

Affidavits DeRay and DeRay

ARTICLE VII
Construction Work

Par 1. Construction work is hereby defined as erecting and assembling of apparatus as

enumerated in Article IV and Article IV (A) of this agreement, except general repairs and

modernization as defined in Article VIII par 2 and 5. It is hereby agreed that all

Construction Work as above defined shall be performed exclusively by Mechanics and

Helpers.

/

See DeRay Deposition at page 9

DeRay was not required to wear a safety harness nor was DeRay issued a harness for the Bushnell Project or for the Foxwood Project.

See affidavits DeRay DeRay and Winn.

#3 Russ Larson did not tell John DeRay he had to wear harness until November of 2001.

DeRay at page 43-47

See affidavits DeRay DeRay White and Wing.

Article IV paragraph 3 of the CBA disputes Larsons opinion and clarifies what is referred to as a temporary elevator. Paragraph 3 (1) Temporary elevators .A temporary elevator is defined as a nonpermanent elevator installed prior to or during construction work inside or outside buildings. The assembly, disassembly and moving of temporary elevators from job to job or area to area may be accomplished in the most economical fashion provided, however, whatever work is required to be performed at the jobsite in connection therewith shall be performed exclusively by Elevator Constructor Mechanics and Helpers.

Russ Larson was referring to permanent elevators operating in a normal fashion as Temporary Elevators.

His motive is addressed in an affidavit by John DeRay and Jude White.

#4Deposition DeRay at page 52. Line 21 reads:give me in writing where Otis has a policy that required ---------------.

The harness can be detrimental in some instances. Exhibit ____/____ An Elevator Constructor Publication.

2

This paragraph refers to a grievance filed by DeRay dated December 10, 2001.

Attached as exhibit ___2___

This exhibit speaks for itself and it has been long established that operators of elevators have never been required to wear safety harnesses to operate tested and inspected elevators as were these elevators. See attached affidavits.

#5 Note the affidavit sent to the plaintiff has not been sworn to. See affidavits.

Paragraph refers to explicit company rules. That is arbitrary and untrue. See affidavits DeRay DeRay White and Wing. See also exhibit ___4___

#6 "DeRay's work operating a elevator" as stated in paragraph #6 the operators are not part of the construction crew. Common since dictates when there are no fall hazards that can be remedied by personal fall protection devices such as in an elevator or operating an elevator there is no reason to require such devices. See affidavits

The written memorandum to "All Construction Personal" should only apply to personal on construction.

Exhibit ___3___

The last two lines read we will specifically covering this topic.

Operators were not required to attend these safety meetings. They were not considered construction personal and were not part of the construction crew. DeRay was fired February 6, 2002 prior to being instructed as outlined in exhibit ___5___.

Operators do not perform Construction Work as defined in Article VII, therefore the memorandum did not apply to DeRay nor was it address to him. Therefore CBA Article XXII paragraph 4 (e) was violated.

Exhibit ___6___

#7 DeRay was not on construction

Elevators have no provision to attach a harness or lanyard.

Harness and lanyards should not be worn where they can be detrimental.

Exhibit ___1___

#8 Compare defendants exhibit B and C

Exhibit C adds a word to "on Construction" the added word is site.

Bushnell Theater and Foxwood Casino were construction sites also. Affidavits DeRay – DeRay and Wing.

#9 Ambiguous! The memorandum was TO: All Construction Personal and therefore the memorandum did not apply to the plaintiff. The alleged oral warnings should be null and void unless they are supported with an unambiguous safety rule. Article XXII paragraph 4 of the CBA, which the paragraph refers to, and evolves around unsatisfactory performance. DeRay 's work performance was never an issue. The alleged requirements of a safety harness on construction sites rather than "on construction" was the reason Russ Larson used for termination.

See also exhibit ___5___ Otis safety discipline procedure for all employees.

See Notes: As they state

In all cases where a violation is found, the employee must be reinstructed in how the rule should have been followed this reinstruction should be documented.

Automatic two-day suspension for violation. DeRay was never suspended. If John DeRay was in violation he would have been suspended on his first day at the Bushnell. Russ Larson created the violation imposing personal fall-arrest system that should not be

4

worn for the task being performed.

Exhibit _____1_____


DeRay was not on construction as defined in Article VII of the CBA exhibit _6 - P24_

Elevators operators are not required to perform construction work. Exhibit __7__

Responses to interrogatories Dominic Accarpio Int. #5 see also Int #1 see also final

decision of appeals reference exhibit __8__

#10 Denied see exhibit _9_ Int Jeff Hasting and deposition DeRay at Page _28 + 66_

Also see affidavit DeRay DeRay White and Wing.

Oral step mandates the local business agent must be present. The business agent failed or refused representation as required. As required in Article XV Arbitration.

Exhibit __6__


#11 Admitted

#12 Admitted

Plaintiff objects to the statement of the facts being summarized. They are being summarized in an ambiguous manner and they could be manipulating to a person, Judge or Juror unfamiliar with construction sites and reasonable verses unnecessary safety rules.

The plaintiff has submitted according to Local Rule 56 (A) 2 disputed issues of material fact.

Comment: Plaintiff has displayed issues that could render a verdict in his favor in light of the affidavits and interrogatories and other evidence submitted.

Russ Larson in his answer to plaintiff's interrogatories at #3 there is no "operator" job

5

classification at Otis.

Exhibit ___9___

"There is no job classification of an operator in the agreement." However evidence liens toward a fact that the position of an operator can be assigned to elevator constructors or operating engineers and this job classification an assignment is not uncommon and well established. Affidavits DeRay , DeRay, White and Wing.

Defendant's motion for summary judgment should be denied.

Respectfully
J.L. DuRay
The Plaintiff

1078 New Britain Ave
West Hartford Ct 06110

6

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

John DeRay
Plaintiff

CIVIL ACTION NO
3:02CV-2139 (JCH)

VS.

Russ Larson, Jeff Hastings,
Ernest Lowe, Otis Elevator,
Ronald Koerbel, Dominic
Accarpio and Internation
Union of Elevator Constructions (IUEC)
Defendants

December 2nd, 2003

Local Rule 56 (A) 2 Statement

#1 Admitted

#2 First sentence admitted
   Second sentence admitted in part

#2 Error in numbering – denied

#3 First sentence admit second sentence to ambiguous to admit or deny

#4 Accuracy is too ambiguous to admit or deny

#5 Denied

#6 Denied

#7 Admitted in part denied in part

#8 Admitted in part denied in part

#9 To ambiguous to admit or deny

#10 Denied

#11 Admitted

#12 Admitted

By The Plantiff
John DeRay

Certificate Of Service

Plaintiff John DeRay certifies that a copy of this motion was mailed by first class mail or hand delivered on this 2 nd day of December 2003 to the following:

J William Gagne Jr.
Law Office of J William
Gagne Jr & Assoc, P.C.
1260 Silas Deane Highway
Wethersfield Ct 06109

Edward J Dempsey, Esquire
United Technologies Corporation
United Technologies Bldg
Hartford, CT 06101

Keith R Bolek
O'Donoghue & O'Donoghue
4748 Wisconsin Avenue, NW
Washington, DC 20016

_____
By the plaintiff John DeRay