

RECEIVED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC 11  P 12: 27

John DeRay                                CIVIL ACTION NO
Plaintiff                                 3:02CV-2139 (JCH)

VS.

Russ Larson, Jeff Hasting,
Ernest Lowe, Otis Elevator
Ronald Koerbel, Dominic
Accarpio and International
Union of Elevator Construction (IUEC)
        Defendants                        December 2, 2003

PLAINTIFFS MOTION FOR PRETRIAL CONFERENCES
RULE 16

In accordance with (a) pretrial conferences;

Objectives

The plaintiff respectfully submits:

Defendant Otis Elevator submitted a motion for summary judgement under rule 56 (a)

That motion addressed the company's position.

It also addressed the Unions position.

Plaintiff filed opposition under rule 56 (b) which addressed both company and union's

Positions.

Defendant IUEC and Koerbal also submitted a motion for summary judgement which the

plaintiff finds similar in nature to the Otis motion however that motion although similar,

differs to the extent that plaintiff must submit a rule 56 (b) opposition.

Defendant IUEC Local 91 and Dominic Accarpio have requested and extention of time

To file their similar motion which will most likely be supported with similar defences and

/

Afftidavits.

The court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as:

1. Expediting the disposition of the action;

3. Discouraging wasteful pretrial activities;

5. Facilitating the settlement of the case therefore the plaintiff respectfully request the court

To consider its discretion in this action.

Request for admissions in accordance with (c) subject for consideration at pretrial conferences.

3. The possibility of obtaining admissions of fact.

The plaintiff was hired by Otis Elevator on two occasions to operate elevators

1. Foxwood
2. Bushnell

2. Although there is no written classification of operator, It's a well-established position, operating engineers or elevator personal exclusively perform this service.

The elevator's plaintiff was operating when his employment was terminated, were not temporary elevators.

Temporary elevators in CBA IV par 3 are defined as non-permanent.

3. The writing of a grievance to be addressed, could be written

in order to assist and prepare a union rep. as to the subject matter that he/she will be

addressing at the oral step.

Reducing to writing by the employee does not violate the process simply because it is written.

An employee who reduces his grievance to writing does not constitute a union rep. or company from its obligation under CBA procedures or arbitration.

Sec © of Rule 16

Subjects for consideration at pretrial conferences.

At any conference under this rule consideration may be given, and the court may take Appropriate action, with respect to sub headings 1 through 16 most of those subheadings Seem to apply to this case and it is the opinion of the plaintiff that this case could and should be reduced to genuine issue of fact in order to facilitate the just, speedy disposition of the action, upon hearing this motion the court here by agree's/disagrees that a pretrial conference is in order.

By the court

*John DeRay*
The plaintiff John DeRay
1078 New Britain Ave
West Hartford CT 06110

3

Certificate Of Service

Plaintiff John DeRay certifies that a copy of this motion was mailed by first class mail or hand delivered on this 2nd day of December 2003 to the following:

J William Gagne Jr.
Law Office of J William
Gagne Jr & Assoc, P.C.
1260 Silas Deane Highway
Wethersfield Ct 06109

Edward J Dempsey, Esquire
United Technologies Corporation
United Technologies Bldg
Hartford, CT 06101

Keith R Bolek
O'Donoghue & O'Donoghue
4748 Wisconsin Avenue, NW
Washington, DC 20016

_____
By the plaintiff John DeRay