UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
Bridgeport Division

FILED

2003 DEC 22  P 12: 55

JOHN B. DeRAY,

        Plaintiff,

v.

RUSS LARSON,

        Defendant.

Civ. Act. No. 3:02-CV-2139 (JCH)

**MEMORANDUM OF DEFENDANTS IUEC, RONALD J. KOERBEL, IUEC LOCAL 91 AND DOMINIC ACCARPIO IN OPPOSITION TO PLAINTIFF DeRAY'S "MOTION FOR PRETRIAL CONFERENCES RULE 16"**

Defendants International Union of Elevator Constructors, AFL-CIO ("IUEC"), Ronald J. Koerbel ("Koerbel"), International Union of Elevator Constructors, Local 91 ("IUEC Local 91") and Dominic Accarpio ("Accarpio") ("Union Defendants") submit this Memorandum in Opposition to Plaintiff John B. DeRay's "Motion for Pretrial Conferences Rule 16."

**I.    GENERAL BACKGROUND**

The above-captioned lawsuit is a "hybrid" action pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, in which pro se Plaintiff John B. DeRay ("DeRay") claims that his former employer, Defendant Otis Elevator Company ("Otis"), breached a collective bargaining agreement when it terminated his employment and that his unions, Defendants IUEC and IUEC Local 91, breached their duties of fair representation by not pursuing his alleged "grievances." DeRay also named several individuals, both Otis supervisors and union representatives, as defendants. The Court granted the supervisors' motion to dismiss, finding that they could not be held personally liable under Section 301.

The parties proceeded with discovery, including the deposition of Plaintiff DeRay. During that deposition, the parties probed the facts and circumstances underlying DeRay's claims. In addition to that deposition, all parties (including DeRay) served written discovery upon the respective, opposing sides. No party served requests for admissions of fact.

After discovery was completed, all of the defendants filed motions for summary judgment. Plaintiff DeRay did not file a motion for summary judgment.

Instead, after responding to the motion for summary judgment filed by Defendant Otis, Plaintiff DeRay filed the instant "Motion for Pretrial Conference Rule 16" ("Rule 16 Motion") DeRay indicates that the purposes of his motion are to expedite the disposition of the action, discourage wasteful pretrial activities, and facilitate the settlement of this action. (Rule 16 Motion at 2.) DeRay further seeks certain "admissions of fact," including the nature of the purported "operator" classification and how the grievance procedure operates. (*Id.* at 2-3.)

The parties are still completing the summary judgment process. While he has filed an opposition to Otis' motion for summary judgment, DeRay apparently intends to file a separate opposition to the Defendants IUEC and Koerbel's motion for summary judgment. (*See* Motion for Extension of Time to Complete and File Plaintiffs' Civil Procedure 56(b) at 2 (filed on Nov. 29, 2003) (requesting an extension of deadline to December 30, 2003 "to file opposition to IUEC and Ron Koerbel's 56(a) Statement").) Moreover, Plaintiff DeRay has yet to respond to IUEC Local 91's motion for summary judgment.

## II.   ARGUMENT

Rule 16(c) of the Federal Rules of Civil Procedure sets forth the various subject matters that may be considered at a pretrial conference. Fed. R. Civ. P. 16(c)(1)-(16). One of those subject matters, as set forth in Rule 16(c)(3) pertains to "the possibility of obtaining admissions

of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence." Fed. R. Civ. P. 16(c)(3). In his motion, Plaintiff DeRay requests that this Court consider its discretion in requesting admissions from the Defendants at a pretrial conference. The Union Defendants respectfully submit that granting such a request would be inappropriate.

Plaintiff DeRay is seeking admissions from the Defendants that, presumably, he believes will bolster his claims. During the discovery phase, a litigant can serve a request for admissions upon the opposing side pursuant to Rule 36 of the Federal Rules of Civil Procedure. While Plaintiff DeRay served interrogatories and requests for production upon the Defendants, he did not serve any requests for admissions. Now, faced with three motions for summary judgment, Plaintiff DeRay seeks to use this Court to obtain those admissions and indirectly undermine the Union Defendants' summary judgment motions.

The Union Defendants recognize that the Court can call for a pretrial conference at any time. The Defendants respectfully request that the Court deny the motion without prejudice to being raised after the summary judgment phase is completed. In resolving the motions for summary judgment, the Court may grant partial or complete summary judgment to one or more Defendants. In doing so, the Court may dismiss one or more of Plaintiff DeRay's claims against one or more of the Defendants. Likewise, the Court may determine there are genuine issues of material fact that should be tried. If it does, then the Court should consider holding a pretrial conference regarding potential admissions at that time. In the meantime, the Union Defendants respectfully request that the Court allow the summary judgment process to continue and decide the summary judgment motions before addressing any motion like the Plaintiff's Rule 16 Motion.

### III.   CONCLUSION

Accordingly, for the foregoing reasons, Defendants IUEC, IUEC Local 91, Koerbel and Accarpio respectfully request the Court deny Plaintiff DeRay's Motion for Rule 16 conference.

Respectfully submitted,

By: _____
Robert Matisoff (Bar No. ct05002)
Keith R. Bolek (Bar No. ct24482)
**O'DONOGHUE & O'DONOGHUE**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 362-0041 – Telephone

J. William Gagne (Bar No. ct02126)
**J. WILLIAM GAGNE & ASSOCS.**
1260 Silas Deane Highway
Wethersfield, CT 06109
(860) 522-5049 – Telephone

Attorneys for Defendants IUEC and Koerbel

By: _____
J. William Gagne (Bar No. ct02126)
**J. WILLIAM GAGNE & ASSOCS.**
1260 Silas Deane Highway
Wethersfield, CT 06109
(860) 522-5049 – Telephone

Attorney for Defendants IUEC Local 91, and Accarpio

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the Memorandum of Defendants IUEC, Ronald J. Koerbel, IUEC Local 91 and Dominic Accarpio in Opposition to Plaintiff DeRay's "Motion for Pretrial Conferences" was served by first class mail, postage prepaid, on this 18th day of December, 2003, upon the following:

*Pro Se* Plaintiff:

John B. DeRay
1078 New Britain Avenue, Apt. 104
West Hartford, Connecticut 06110

Counsel for Defendants
Otis, Larson, Hastings
and Lowe:

Edward J. Dempsey
UNITED TECHNOLOGIES CORP.
United Technologies Building
Hartford, CT 06101

Keith R. Bolek