Original
3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

2003 DEC 29 P 3: 25

JOHN B. DeRAY
        Plaintiff,

v.                                    Case No. 3:02-CV-2139 (JCH)

RUSS LARSON, et al.,

        Defendants.         Date December 26 2003

**Plaintiffs Local Rule 56 (a) 2
Disputed Issues of Material Fact
Submitted by Ron Koerbal and the IUEC
Introduction**

Introduction IUEC page 2 States:

"Defendant IUEC further respectfully requests that the Court dismiss the claims against it. DeRay's allegations against the IUEC are barred by the six-month statute of limitations governing "hybrid" Section 301 claims." Defendant Local 91 and IUEC make the same basic claim, which is condensed below in paragraph 3 of a motion for summery Judgment of defendant IUEC, Local 91.

Paragraph 3 states: "Even if the plaintiff had alleged and could prove an otherwise viable claim for a breach of the duty of fair representation, and even if such claim was not time-barred, the plaintiff failed to exhaust his administrative remedies, and so his claim is barred."

/

Plaintiffs opposing arguments to defendant's memorandum of law

In Vargas V. Hill 152, Supp 2d 315-319 S.D. N.Y. 2001. A union acts in bad faith if it acts deceitfully, dishonestly, or fraudulent. In order to be time barred any and all deceitful dishonest or fraudulent activities must become known or reasonably known by the plaintiff. The plaintiff is required to exhaust all CBA remedies prior to court. That remedy was exhausted June 4, 2002, it ran any and all grievance procedure to a close. Prior to this written disclosure there were verbal correspondence with Ron Koerbal, Dominic Accarpio and the E board. There were also recorded documents as follows: March 14, 2002 notes show the union acted deceitfully by bringing to a close the plaintiffs grievance. There is no question dishonesty was actuated when it was claimed by business agent that he had no knowledge of the letter and was never asked to file a grievance. This meeting was no less than a sham and the union acted in bad faith. They fraudulently attempted to deny the plaintiff his right according to the CBA. The actions constitute an arbitrary disregard of a meritorious grievance. Cruz v Local No.3, 34 f, 3 d 1148, 1153 (2d cir.1994

2. DeRay failed to exhaust the remedies available to him under CBA is untrue. DeRay was denied the opportunity. DeRay went to both union and employer with grievance. On February 6, 2003 plaintiff was terminated. December 10, 2001 grievance was never properly addressed. Plaintiff attempted to get his business agent to represent him, but the agent or agents failed to act and gave false information to the Plaintiff.

**Fair representation 15-65 Union's breach of duty of fair representation.**

The plaintiff received no representation from his business agent; there is proof that the business agent lied in his responses to interrogatories. Defendant Dominic Accarpio's responses to plaintiff first set of interrogatories. Exhibit 7

Affidavits DeRay, White and Wing can prove those lies. Plaintiff had a second grievance typed up at the union office on February 12, 2002. Due to another failure to respond to the plaintiff termination, Plaintiff went to the E Board on February 28, 2002 with his written grievances. E Board minutes dated February 28, 2002' Exhibit 11. Hand written notes written by Koerbal of the International Union of Elevator Construction IUEC dated March 14, 2002 were obtained by plaintiff through discovery these notes reveal a bad faith claim. Exhibit 12. The letter states "Ernest produced a letter from Local 91 member John DeRay stating Otis fired him improperly for not wearing a safety harness." Dominic Accarpio stated that he had no knowledge of the letter and was never asked to file a grievance by John DeRay. March 14, 2002 follows documentation of an E board meeting dated February 28, 2002. Dominic Accarpio was present. Exhibit 11. Fair representation 15-85 section 3 in part states "the employees must have an opportunity to present their position at a hearing an must be given due notice of such a hearing." Another hand written letter by Koerbal dated May 22, 2002, addressed a meeting with John DeRay and Jude White and Dominic Accarpio. The letter in part states 1 (Koerbal) suggested he

contact Otis Human Resources, Exhibit 12. A letter dated May 30th was prepared by John DeRay and typed by the union secretary. Exhibit 13.

3. DeRay waited too long to file the suit is untrue. Ernest Lowe from Otis labor relation answered the letter on June 4, 2002. Exhibit 14. The IUEC makes a second claim, which is similar to the claim made by Local 91 and Otis elevator. "If the court finds the claims are not time-barred, the IUEC respectfully submits that there are no genuine issues of material fact and the IUEC is entitled to judgment as a matter of law." The undisputed facts establish that DeRay intentionally disregarded the safety policy of his employer, Defendant Otis Elevator Company ("Otis"), and refused to wear a safety harness while working on a construction site." The following are genuine issues. The Union's Breach of duty of fair representation should be apparent as no evidence of normal grievance activity can be referred to. In order to justify this Breach, writer Attorney Keief R. Bolek implies there is a requirement to wear a safety harness on a construction site. This dispute should have been settled through the grievance procedure that procedure should have begun when Operators were first required to wear the harness or get off the Job. DeRay Deposition at page 25-26

See also Affidavits DeRay, DeRay, White and Wing, and Exhibit 7 Interrogatories Accarpio, for more Issues of material fact see opposing argument to defendants memorandum of law in support of Otis Elevator Company motion for summery Judgment pages 1 through 4.

IUEC Further states in his Introduction

"While DeRay claims to have "filed" grievances on December 10, 2001 and February 12, 2002, he failed to comply with the grievance procedure and properly file the grievances." "Once again, DeRay acted on his own, without seeking the assistance of the Union, when he filed his alleged grievances." When the IUEC learned of DeRay's claims and his undisputed, willful refusal to comply with the safety policy, the Union determined that there was no basis for proceeding with a grievance or arbitration because DeRay's dismissal was justified and any grievance on his behalf was unlikely to succeed." This statement is deceitful, dishonest and possibly fraudulent. DeRay never claimed to have filed a grievance, DeRay wrote letters concerning a grievance or two assuming the grievance procedure and Union Representative would properly file in accordance with obligation under Article XV of the C.B.A. as in Vaca v Sipes Fair Representation 15-65 section 11 states clearly, "the duty would be breached if the union were to "throw" the case or conspire with the employer to procure an arbitrators decision by fraud, so that the procedure was a sham." Once the case has been thrown as it was according to March 14, 2002. Exhibit 12. Without due notice to DeRay as in Thompson v International. Association of Machinists DC va 258 f Supp 235. There can only be excuses like his "grievance was unlikely to succeed", this is arbitrary and DeRay never was afforded the opportunity to discuss the dispute prior to or after being fired. "Under these circumstances, there are no issues for trial with regard to whether the IUEC breached its duty of fair representation, i.e., whether the IUEC acted arbitrarily, discriminatorily or in bad faith." "To the contrary, the IUEC acted within the wide range of reasonableness that

5

is accorded to labor organizations when it reasonably determined that, given the clear language of the safety policy and DeRay's undisputed refusal to comply with it, DeRay's grievance over the policy lacked merit and his discharge was for just cause." "These conclusions lead to the ultimate conclusion that, based upon the undisputed facts, the IUEC is entitled to judgment as a matter of law. For these reasons, as discussed in greater detail below, Defendants IUEC and Koerbal respectfully request that the Court dismiss DeRay's allegations against them in their entirety." Prior to DeRay being fired, providing that the union had properly represented the grievance the alleged clear language of the safety policy would or should have been cleared up. It was a breach of the Unions Duty of Fair Representation because there was no representation. To say that DeRay's grievance lacked merit is arbitrary even by the Union Representatives own testimony in Accarpio's Responses to Interrogatories. Exhibit 7. Defendant's motion for summery Judgment should be denied.

By the Plaintiff,
John DeRay

Certification of Service

A True and attest copy of the forgoing <u>Local Rule 56 a 2 Disputed issues of material Fact submitted by Ron Koerbel and the IUEC Introduction</u>

was mailed first class mail or hand delivered to:

William Gagne Jr.

1260 Silas Deane Highway

Wethersfield, CT 06109

Keith R. Bolek

O'Donoghue & O'Donoghue

4748 Wisconsin Ave N.W.

Washington, DC 20016

On <u>December 26 2003</u>

Edward Dempsey

United Technologies Corp.

United Technologies Bldg.

Hartford, CT 06101

By the plaintiff
John DeRay