UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

2003 DEC 29  P 3: 25

JOHN B. DeRAY,

      Plaintiff,

v.

                              Case No. 3:02-CV-2139 (JCH)

RUSS LARSON, et al.,

      Defendants.               Date December 26 2003

**Local Rule 56 (a) 2 Disputed Issues of**
**Material as Fact Submitted by Local 91**

1. Admitted

2. Admitted

3. Admitted

4. Makes no sense therefore denied

5. Admitted

6. Denied Otis Employed the plaintiff at multiple sites. The Otis safety policy is a written one, if you change on Construction by adding the word site the safety policy and it's meaning is altered.

7. Admitted

8. Denied _____ writer must have a Dep. Page other than 20

9. Admitted however it should be noted that there is a classification for Elevator Operators, which is an unwritten, position that does not exist according to Koerbal.

10. Denied DeRay at 43 was instructed to wear the harness or walk line 17 Q. And you walked, line 18 yes.

11.  Refers to Exhibit 15 arbitrary therefore denied let Exhibit 5 speak for itself.

12. Denied Exhibit 5 is self explanatory

13. Denied Mr. Accarpio was duly informed DeRay at Exhibit 4 at 60 needs articulation DeRay Dep. Page 60 as recorded does not support statement 13.

14. Denied Plaintiff confronted Larson. DeRay Dep. at 57 confirms.

15. Denied this confrontation was not a meeting.

16. Denied same answer as 15.

17. Admitted

18. To arbitrary to Admitt or Deny Plaintiff did contact Accarpio on several occasions his procedure if electronically as stated apparently was not activated as required by Article XV of CBA.

19. Ambiguous Denied December 10, 2001 document in written form, was to prepare both employer and union of a incident that was not being addressed in a timely manner DeRay at 60-61 see DeRay at 60 through 64.

20. Admitted

21. Denied Ambiguous the alleged policy was verbal, December 10, 2002 document could not identify beyond what was identified in the document.

22. Denied Ambiguous, statement has three parts however it is doubtful that all construction personnel means all construction personnel as stated in paragraph 22. As to "reiterating the Rule", the Rule as written and the Rule as stated verbally by

2

Russ Larson would make the word reiterating improper as it appears in paragraph 22.

23. Admitted

24. Denied as ambiguous and nearly impossible because Operators Running Elevators at the time were on shift work, 3 shifts for Operators. Construction workers "Otis" was not on shift work although they were running elevators during the Assembling and erecting process of construction.

25. Admitted

26. Admitted

27. Admitted however that additional word (sites) to on construction should have been addressed by past grievances in order to fairly arbitrate as written in the CBA Article XV.

28. Denied the "clear and unequivocal statements" were not so clear when the plaintiff asked to be shown the alleged policy in writing.

29. Denied Accarpio was contacted but he did nothing therefore Plaintiff reduced his grievance to writing. Fired February 6, 2002 grievance typed by union secretary at union office February 12, 2002. Exhibit 17.

30. Admitted

31. Admitted

32. Admitted

33. Ambiguous Denied Plaintiff did not have access to electronic filing as previously mentioned in paragraph 18 this is the duty of the union. According to 15-65

3

34. Admitted

35. Admitted

36. Denied false statement there was no meeting held with the Plaintiff, Mr. Accarpio
and Mr. Koerbal until May 23, 2002.

37. Denied site the word also, the previous paragraph being denied

38. Ambiguous Denied an a violation of 15-65 sec. 11 "clearly, the duty would be
breached if the union were to **throw** the case or conspire with the employer to
procure an arbitrator's decision by fraud, so that the procedure was a sham".

39. Denied Accarpio at 19 is a false statement

40. Denied DeRay at Page 84 line 3, I said something more to the effect that I felt it
was a breakdown of union condition's Exhibit 16 "if there is no practical reason
to wear a safety harness or no place to hook up or no more than what I've been
given, I'm not going to wear a safety harness to operate an elevator."

41. Denied, fraudulent or misleading statement under oath see counter Affidavit
DeRay, Koerbal would have recorded in his notes that type of expression, its not
in his notes. Therefore the notes speak for themselves "I suggested he (DeRay)
contact Otis Human Resources and see if they could help him because it seemed
like there was a problem with him and Russ Larson personally."

42. Admitted

The Plaintiff

John DeRay

4

Certification of Service

A True and attest copy of the forgoing _Local Rule 56(a)2 Disputed Issues of Material Fact submitted by Local 91_

was mailed first class mail or hand delivered to:


William Gagne Jr.

1260 Silas Deane Highway

Wethersfield, CT 06109


Edward Dempsey

United Technologies Corp.

United Technologies Bldg.

Hartford, CT 06101


Keith R. Bolek

O'Donoghue & O'Donoghue

4748 Wisconsin Ave N.W.

Washington, DC 20016

On _December 26 2003_


By the plaintiff

John DeRay