*Original*

JAN 2 8 2004

FILED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT** 2004 FEB -3 P 1: 34
Bridgeport Division

US DISTRICT COURT
BRIDGEPORT CT

JOHN B. DeRAY,
Plaintiff,

v.                                                    Case No. 3:02-CV-2139 (JCH)

RUSS LARSON, et al.,
Defendant.                             Jan. 27, 2004

**PLAINTIFFS RESPONSE TO DEFENDANTS**
**IUEC AND KOERBEL'S REPLY BRIEF**
**AND MOTION FOR SUMMERY JUDGMENT**

A.  The genuine issue of material fact supporting Plaintiffs claim is not time-barred

and that it is reasonable to inform union members and employer of a violation of

an agreement between Otis Elevator Company and the union. This notice dated

February 22, 2002 would have begun the clock and the 6 months time limit, if the

notice and grievances were ignored. <u>Exhibit 11</u> minutes of the E Board dated

February 28, 2002 outline the proceedings, and they state in part " This grievance

is being handled immediately with International." At that same meeting Plaintiff

was asked by E board member Jim Behan to give them a chance to resolve the

grievance prior to the filing of a lawsuit. That reasonable request is not present in

Cohen v. Flushing Hospital as sited by the defendant. It is also reasonable that the

plaintiff would believe the union was going to act on his grievance. To some

extent the union and the company did, but they failed to notify the plaintiff of the

meeting as required by Fair Representation 15-65 sec 3 which states in Part " The

employee must have an opportunity to present their position at a hearing, and



must be given due notice of a such a hearing. Exhibit 12 are notes of what took place at the meeting according to Koerbel with Otis designated representative Ernest Lowe May 23, 2002. Following the directive of, Koerbel of IUEC, which was verbal plaintiff, wrote to Otis Labor Relations Exhibit 13. Upon receipt of a letter from Ernest Lowe dated June 4, 2003 Exhibit 14 the plaintiff reasonably determined his efforts under the CBA had come to a close and filed within the 6 months time Requirement and therefore the lawsuit is not time barred.

B. DeRays genuine issue of material fact as to whether the IUEC acted arbitrarily or in bad faith were addressed in plaintiffs opposition to defendants statement of facts which are also refer to opposing arguments to defendant Otis memorandum of law. DeRay is the union member who is entitled to Fair Representation, DeRay is not the Representative. DeRay did nothing that would prevent the normal grievance procedure to take place. The unions duty of Fair Representation did not take place and it was promised see Exhibit 7. Grievance letters do not avail a union Representative from his unquestionable obligation of Adherence to the requirements of the grievance procedure. DeRays letters were drafted to assist the union official. The safety policy was being abused by Otis Superintendent, Russ Larson and DeRay had union backing, see Exhibit 7, to oppose the ridiculous requirement and there is no reason Arbitration would not succeed. A Harness to operate an Elevator is Ludicrous.

②

2 DeRay can establish that the IUEC's refusal to process DeRay's grievance and that the refusal was Arbitrary, Discriminatory and in bad faith.

The undisputed fact do show that Lowe raised the issue of DeRays grievance at the March 14, 2002 meeting according to the notes of Ron Koerbel, Exhibit 12. However it is undisputable that those same issues "DeRay's grievance" were known prior to the March 14th meeting and that is verified in Exhibit 11 February 28, 2002 minutes of E board meeting. A reasonable jury should conclude that there is a person or persons acting in deceit and it can't be the plaintiff. Motion for summery Judgment should be denied because a jury would have specific facts that create a genuine issue of material fact to consider.

1. As required by 15-65 sec 3 " The employee must have an opportunity to present their position at a hearing, and must be given due notice of such a hearing. This obligation never took place.

2. Otis Agreement article IV paragraph 3 defines "Temporary Elevators as a nonpermanent Elevator." DeRay was operating a permanent Elevator. Temporary elevators do not have cabs.

3 There is absence evidence of arbitrariness and bad faith because the grievance was concluded by a sham. According to notes of Koerbel Exhibit 12 unions duty of fair representation 15-65 sec 11 duty was clearly breached as Koerbel notes reveal Union Representatives on March 14, 2002 made false claims in order to throw the case. Exhibit 11 exposes prior knowledge of grievances. The Koerbel notes were obtained by the



plaintiff through discovery, after the case was filed. Summery Judgment should not be granted.

Respectfully Submitted

By the Plaintiff

John DeRay

Certification of Service

A True and attest copy of the forgoing was mailed first class mail or hand delivered to:

William Gagne Jr.

1260 Silas Deane Highway

Wethersfield, CT 06109

Edward Dempsey

United Technologies Corp.

United Technologies Bldg.

Hartford, CT 06101

Keith R. Bolek

O'Donoghue & O'Donoghue

4748 Wisconsin Ave N.W.

Washington, DC 20016

On Jan, 27, 2004

By the plaintiff

John DeRay