UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DeRAY,<br>　　Plaintiff<br><br>VS.<br><br>RUSS LARSON, JEFF HASTINGS, ERNEST LOWE, OTIS ELEVATOR, RONALD KOERBEL, DOMINIC ACCARPIO, INT'L UNION OF ELEVATOR CONSTRUCTORS,<br>　　Defendants | 2004 FEB -4  A 11: 13<br><br>CIVIL ACTION NO.<br>3:02 CV 2139 (JCH)<br><br><br><br><br><br>FEBRUARY 3, 2004 |

### REPLY TO PLAINTIFF'S OBJECTION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS, LOCAL 91

Pursuant to D.Conn., L.Civ.R. 7(d), defendant International Union of Elevator Constructors, Local 91 [hereinafter the "Union"] respectfully submits this reply to the plaintiff's objection and response to the Union's Rule 56(a)(2) statement.

**A.   The plaintiff cannot prove a viable claim for breach of the duty of fair representation.**

As evidenced by the plaintiff's opposition papers, the plaintiff is unable to prove a claim for breach of the duty of fair representation. Even if he had presented evidence which could demonstrate a dispute as to a material fact, this action is barred in that it was not timely filed and the plaintiff failed to exhaust his administrative remedies prior to filing suit. Therefore, the Union respectfully ask that this Court enter judgment in its favor.

**1.   The Union decided not to pursue the purported grievance because it lacked merit, and the plaintiff has produced no evidence to contradict this fact.**

The plaintiff has admitted the most critical facts in the case, i.e., those upon which the Union based its determination that his grievance had no merit. Because these facts are not in

dispute, and because the plaintiff has produced no evidence to refute the Union's statement that this determination was the reason for its decision not to pursue the purported grievance, the plaintiff cannot prevail on his claim for breach of the duty of fair representation.

The plaintiff has admitted the following statements in the Union's Rule 56(a)(2) statement:

1. During the period of the plaintiff's employment at Otis, Otis maintained a safety policy which provided, inter alia, that "[o]n construction, a safety harness or fall protection uniform and shock absorbing lanyard shall be worn at all times...."

2. The plaintiff was aware of this policy.

3. Mr. Larson required all Otis employees, including all mechanics or helpers, who operated an elevator at the Mohegan Sun job site to wear safety harnesses.

4. The plaintiff received a copy of the January 28, 2002, memorandum issued by Mr. Larson reiterating the rule and its exceptions with respect to safety harnesses.

5. Mr. Accarpio specifically told the plaintiff that his failure to wear the safety harness could result in the termination of the plaintiff's employment.

6. Notwithstanding Mr. Accarpio's warning, the plaintiff continued to refuse to wear a safety harness.

7. By letter dated February 6, 2002, Otis terminated the plaintiff's employment "[b]ecause [he] continue[d] to violate the Otis safety policy regarding harnesses on construction sites...."

Despite the fact that the plaintiff had not complied with the grievance procedures set forth in the collective bargaining agreement, the Union considered the merits of the plaintiff's claim that he had been wrongfully terminated. See Affidavit of Dominic Accarpio [hereinafter

"Accarpio"] at ¶¶ 16-18.[1] On the basis of the undisputed facts set forth above, the Union determined that the plaintiff's purported grievance lacked merit. Accarpio at ¶ 18. Accordingly, the Union declined to process the purported grievance. Id.

Contrary to the plaintiff's arguments, this case is not about whether Otis' safety policy was appropriate or wise.[2] This case is about whether the plaintiff, having been informed that he was required to comply with the policy or be fired, can complain because he refused to comply with the policy and was fired as a direct result of such refusal. In light of the undisputed facts, the purported grievance was baseless. The law does not require a union to pursue a grievance that has no merit. Vaca v. Sipes, 386 U.S. 171, 191-92, 87 S. Ct. 903, 917-18, 17 L.Ed.2d 842 (1967); Cruz v. Local Union No. 3 of the Int'l. Bhd. of Electrical Workers, 34 F.3d 1148, 1153-54 (2d Cir. 1994).

To defeat the motion for summary judgment, the plaintiff must produce affirmative evidence that the Union's refusal to process his grievance was not based upon its decision about the merits, but was arbitrary, discriminatory, or in bad faith. Vaca, 386 U.S. at 190, 87 S. Ct. at 916; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (to defeat a properly supported motion for summary judgment, "the plaintiff must present *affirmative* evidence . . . . from which a jury might return a verdict in his favor." [emphasis added]). The plaintiff has failed to present any such evidence. Although he claims to disagree

---

[1] The plaintiff disputes the statement contained in ¶ 15 of Mr. Accarpio's affidavit. In light of the undisputed statements in ¶¶ 16-18 of such affidavit, the plaintiff's disagreement with ¶ 15 is immaterial.

[2] It is immaterial whether Mr. Accarpio offered an opinion as to the appropriateness of the policy, as the plaintiff claims. What is material is that Mr. Accarpio informed the plaintiff that he had to wear the harness and that if he refused to do so, he would be fired. The plaintiff does not dispute that he was so informed.

with statements in Mr. Accarpio's affidavit, he presents no actual evidence to contradict them.[3] Simply claiming disagreement is insufficient to satisfy his obligations in opposing a motion for summary judgment. "The mere existence of *some* alleged factual dispute . . . will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Fax Telecommunicaciones Inc. v. AT & T, 138 F.3d 479, 485 (2d Cir. 1998) [emphasis and ellipses in original; internal quotation marks and citations omitted].

> In order to defeat a summary judgment motion that is properly supported by affidavits, depositions, and documents as envisioned by Fed.R.Civ.P. 56(e), the opposing party is required to come forward with *materials* envisioned by the Rule, setting forth specific facts showing that there is a genuine issue of material fact to be tried. He cannot defeat the motion by relying on the allegations in his pleading, . . . or on conclusory statements, *or on mere assertions that affidavits supporting the motion are not credible*, see, e.g., L & L Started Pullets, Inc. v. Gourdine, 762 F.2d 1, 3-4 (2d Cir.1985); Wyler v. United States, 725 F.2d 156, 160 (2d Cir.1983). The motion "will not be defeated merely . . . on the basis of conjecture or surmise." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849, 112 S. Ct. 152, 116 L.Ed.2d 117 (1991).

Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996) [emphasis added; some internal citations omitted]. "If the undisputed facts reveal that there is an absence of sufficient proof as to any essential element on which the opponent of summary judgment has the burden of proof, any factual dispute with respect to other elements becomes immaterial and cannot defeat the motion." Id. at 519.

The plaintiff has presented no evidence which, if believed, would entitle him to a verdict against the Union for breach of the duty of fair representation. Instead, he cites Vaca for the proposition that "the arbitrary disregard of a *meritorious* grievance or the perfunctory processing of it would constitute a breach of the duty of Fair Representation." Plaintiff's "Local Rule

---

[3]While he refers in Counter Affidavit to Dominic Accarpio[']s Sworn Statements (Affidavit)" [hereinafter "Doc. 67"] to particular statements in Mr. Accarpio's affidavit as "bad faith", the plaintiff presents no actual evidence of bad faith at any time.

56(a)2 Statement Plaintiffs [sic] Disputed issues of Material Fact as presented in Defendants [sic] IUEC Local 91 and Ronald J. Koerbal's [sic] Memorandum in Support of Motion for Summery [sic] Judgment" at 1 [emphasis added]. While this is a correct statement of the law, it rests upon a presumption which is not valid in this case, i.e., the presumption that the grievance is meritorious. In this case, the Union determined that the purported grievance was not meritorious.[4] The plaintiff willfully defied Otis' requirement that he wear the harness, despite the fact that he knew he would be fired for doing so.[5] Few cases present such a clear example of a meritless grievance, and the Union did not act arbitrarily, discriminatorily or in bad faith in refusing to pursue the purported grievance.

The undisputed evidence demonstrates that the purported grievance lacked merit and that the Union refused to process the purported grievance for that reason. The plaintiff has failed entirely to submit evidence to refute these facts. Therefore, the Union asks that this Court grant the motion for summary judgment.

2. **Even if the plaintiff had alleged a viable claim for breach of the duty of fair representation, such claim is time-barred.**

A claim for breach of the duty of fair representation must be filed within six (6) months of the date on which the plaintiff knew or should have known of the alleged breach. Cohen v. Flushing Hosp. and Medical Center, 68 F.3d 64, 67 (2d Cir. 1995); Ycaza v. CT Transit-

---

[4]Even if the Union had been incorrect in its assessment of the merits of the purported grievance, it is well-settled that an error, or even negligence, in evaluating the merits of a grievance does not constitute a breach of the duty of fair representation. Cruz, 34 F.3d at 1153-54.

[5]In his counteraffidavit responding to Mr. Koerbel's affidavit, the plaintiff includes the following statement: "The written warning to the employee is absent." Plaintiff's "Counter Affidavit to Koerbal [sic] and the IUEC Affidavit" [hereinafter "Doc. #66"] at 6. It is unclear to what the plaintiff refers. The collective bargaining agreement does not contain any language suggesting that he was entitled to a written warning prior the termination of his employment or at any other time. What is undisputed is that he did receive clear and specific warnings that his refusal to

5

Stamford Division, 289 F.Supp.2d 180, 183 (D.Conn. 2003); Wilhelm v. Sunrise Northeast, 923 F.Supp. 330, 337 (D.Conn. 1995).

In the memorandum in support of its motion for summary judgment, the Union acknowledged that some question may exist as to the precise date on which the plaintiff first learned of the alleged breach. Memorandum at 12-13. The Union argued, however, that the latest possible date upon which the plaintiff could have learned that the Union would not be pursuing his purported grievance was May 23, 2002, when Mr. Koerbel so informed him. Memorandum at 13, citing Affidavit of Ronald Koerbel [hereinafter "Koerbel"] at ¶ 27.

This position finds additional support in Doc. #67 at p.8. The plaintiff states therein that he "recal[led] the meeting with Koerbal [sic] Accarpio and White." As set forth in the affidavits of Messrs. Accarpio and Koerbel, this meeting took place on May 23, 2002. Accarpio at ¶¶ 16-18; Koerbel at ¶¶ 26-28. The plaintiff admits that he attended that meeting. Doc. #66 at 7.

In ¶ 27 of his affidavit, Mr. Koerbel states that he "told DeRay that the grievance had no merit because Otis and Accarpio had instructed DeRay to comply with the safety policy and DeRay refused." While the plaintiff has registered his opinion with respect to ¶¶ 22-26 and ¶¶ 28-29 of Mr. Koerbel's affidavit, he is conspicuously silent with respect to the statements in ¶ 27. See Doc. #66 at 6-7. The Union respectfully submits, therefore, that the undisputed evidence demonstrates that the plaintiff was aware on May 23, 2002, at the latest, that the Union felt that his grievance had no merit. Accordingly, the plaintiff was required to file this action no later than November 23, 2002.

The plaintiff's failure to satisfy the six-month limitation period is further underscored by another fact. In ¶ 28 of his affidavit, Mr. Koerbel states that, at the May 23, 2002, meeting, after

---

comply with the safety policy would result in the termination of his employment and that he

6

the plaintiff had explained his "confrontation or clash with his supervisor, Russ Larson," Mr. Koerbel "suggested that DeRay contact Otis' Human Resources Department to see if they could help because it seemed like there was a personal problem between DeRay and Larson." Consistently with Mr. Koerbel's affidavit, the plaintiff states that "Koerbal [sic] suggested I contact Otis Labor Relations which I did in a letter dated May 30, 2002." Doc. #67 at 8; Doc. #66 at 7. Accordingly, it is clear that the plaintiff knew prior to May 30, 2002, that his purported grievance was not going to be pursued by the Union, because he followed Mr. Koerbel's advice to try to resolve the matter himself within a few days thereafter.

The plaintiff's attempt to claim that the running of the limitations period was triggered by a letter from Ernest Lowe of Otis[6] is unavailing. See "Plaintiffs [sic] Local Rule 56 (a)2 Disputed Issues of Material Fact Submitted by Ron Koerbal [sic] and the IUEC" at 4. By the time Mr. Lowe responded to the plaintiff's letter, the plaintiff already knew that the Union did not consider his grievance to have merit. The fact that the plaintiff may have entertained a hope of working the matter out directly with Otis does not alter this fact. "In this circuit, it is well settled that the cause of action accrues no later than the time when plaintiff[ ] knew or reasonably should have known that such a breach of the duty of fair representation had occurred, *even if some possibility of nonjudicial enforcement remained.*" Cohen, 68 F.3d at 67 [emphasis added; internal brackets, quotation marks and citation omitted]. As soon as the plaintiff knew or should have known that the Union would not pursue his grievance, the limitations period began. Since the undisputed evidence places the latest possible date for this occurrence at May 23, 2002, the plaintiff's complaint should have been filed by November 23, 2002.

---

nonetheless refused to comply with the policy.

Because the plaintiff did not file his complaint until December 4, 2002, this action is untimely. Accordingly, even if the plaintiff had presented an otherwise viable claim for a breach of the duty of fair representation, such claim would be time-barred. Therefore, the Union asks that this Court grant the motion for summary judgment.

3. **The plaintiff failed to exhaust his administrative remedies.**

Although the plaintiff has argued at length about various aspects of the administrative process and whether he did or did not comply with the collective bargaining agreement, one fact remains undisputed: the plaintiff admits in Doc. #67 that no oral step ever took place with respect to his alleged grievance. Doc. #67 at 2, 3. In addition, the plaintiff admits that the section of Article XV of the collective bargaining agreement upon which he claims to have relied in the February 12, 2002, document does not authorize a grievant to disregard the provisions with respect to, inter alia, the oral step. Plaintiff's "Local Rule 56(a)2 Disputed Issues of Material Fact Submitted by Local 91" at ¶¶ 31-32. Significantly, the plaintiff has never claimed or produced any evidence that he ever requested or initiated an oral step meeting. Mr. Accarpio's sworn statement on this issue is, therefore, unrefuted. Accarpio at ¶ 11.

This fact, standing alone, is dispositive of the issue of the plaintiff's purported attempt to exhaust the administrative procedures set forth in the collective bargaining agreement. Under the grievance procedure, as set forth in the collective bargaining agreement, the first step is the oral step, which must take place within ten (10) working days after the cause of the grievance is known or should reasonably have been known. Accarpio at ¶ 5. Mr. Accarpio or another Union

---

[6] In his complaint, the plaintiff alleged that Ernest Lowe, a former defendant, "is presently employed by Otis Elevator. . . ." Complaint, dated December 4, 2002, at ¶ A.4. Mr. Lowe is not affiliated with the Union or the International, and the plaintiff has not claimed otherwise.

representative must be present at an Oral Step 1 meeting. Accarpio at ¶ 6. Only if the grievance is not resolved at the oral step does it proceed to the first written step. Accarpio at ¶ 7.

The plaintiff has identified nothing in the collective bargaining agreement that would permit an employee to unilaterally modify the grievance procedures to which the Union and Otis agreed or to disregard a portion of that procedure. Accordingly, the plaintiff's failure to request or initiate an oral step meeting in a timely manner deprived him of an entitlement to pursue a written grievance.[7] Therefore, because the plaintiff failed to exhaust his administrative remedies, the Union is entitled to summary judgment.

**B.    Conclusion.**

Although the plaintiff has indicated his disagreement with various statements in the Union's Rule 56(a)(2) statement, he has failed entirely to present any actual evidence to refute those statements. Moreover, he has agreed with or failed to dispute the most important statements, i.e., those demonstrating (a) the utter lack of merit in his purported grievance in light of his willful refusal to wear the safety harness, (b) the fact that such lack of merit was the reason that the Union refused to pursue his purported grievance, (c) his failure to file this claim in a timely manner, and (d) his failure to exhaust his administrative remedies by requesting an oral step meeting.

Therefore, because the plaintiff has failed to present evidence to show a genuine issue of material fact as to any of these matters, the Union respectfully asks that this Court grant its motion for summary judgment.

---

[7] The fact that Messrs. Accarpio, Koerbel and Lowe nonetheless considered the merits of the plaintiff's purported grievance does not excuse the plaintiff's nonconformance with the collective bargaining agreement.

DEFENDANT, INTERNATIONAL UNION OF
ELEVATOR CONSTRUCTORS, LOCAL 91

By_____
J. William Gagne, Jr., Law Office of
J. William Gagne, Jr. & Associates, P.C.
1260 Silas Deane Highway
Wethersfield, CT  06109
(860) 522-5049
Federal Bar No. ct02126

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed via first-class mail, postage prepaid, on February 3, 2004, to all counsel and pro se parties of record, as set forth below:

Mr. John B. DeRay
1078 New Britain Avenue, Apt. 104
West Hartford, CT  06110

Robert Matisoff, Esq.
Keith R. Bolek, Esq.
O'Donoghue & O'Donoghue
4748 Wisconsin Avenue, N.W.
Washington, DC  20016

Edward J. Dempsey, Esq.
United Technologies Corp.
United Technologies Building
Hartford, CT  06101

_____
J. William Gagne, Jr.

10