UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JOHN B. DeRAY,

    Plaintiff,

v.

    Case No. 3:02-CV-2139 (JCH)

RUSS LARSON, et al.,

    Date February 17 2004

    Defendants

**Plaintiffs Response and Opposition to IUEC
Local 91 Reply Dated February 3, 2004**

1. **The Union decided not to pursue the purported grievance because it lacked merit, and the plaintiff has produced no evidence to contradict this fact.**

The statement is disputed and evidence best supporting the merit is the under oath interrogatories of Local business agent Dominic Acarpio <u>Exhibit 7</u>.

**INTERROGATORIES**

1. Did you ever make the statement to me at an E board meeting, to the effect that the requirement of an operator to wear a harness is unnecessary and ridiculous. I will back you on your refusal to wear the harness because on this issue you are right. Do you recall?

    Response: Yes.

2. Was the plaintiff hired by Otis to operate an elevator? At the Bushnell theater, through Local 91?

    Response: Yes

Such a statement would not be made by a union representative if a grievance had no merit. Such a failure or refusal to represent a member is a violation of personal commitment, C.B.A. and Fair Representation obligation under 65-15. The issue is genuine in merit and in obligation by failure or refusal to represent. Unfortunately the union is responsible for the actions of its agents. However the members also have the right to be made whole. Such a commitment should not be set aside by any court. An unprocessed grievance is a concern of the court. The plaintiff had no other recourse but to exhaust the C.B.A. and upon doing so filed his case in a manner prescribed by statute. The entire union assertions is flawed in its obligation to represent the member. The evidence displays merit and backing, it is the lack or absence of support that constitutes the breach. This is not immaterial opinion as to the appropriateness of policy as claimed in defendants reply on page 3. It is a commitment to back a union member because the, aledged interpretation of the Otis policy is inappropriate, unwise and could be detrimental. Plaintiffs 56 a 2 statements opposing summery Judgment produced evidence that supported claims of merit. Supporting claims include Exhibits, affidavits and responses to interrogatories. There are in these documents evidence contradicting Mr. Acarpio's affidavit as previously submitted. The case of Cruz 34 F 3d referred to by the defendant "that it is well-settled that an error, or even negligence, in evaluating the merits of a grievance does not constitute a breach of duty of fair representation." It should be noted that this is not the exact wording and that the court of appeals reinstated the Jury's verdict and awarded the prevailing plaintiffs accordingly. In discussion A. Duty of fair representation the Jury found, and the district court upheld that Local union No. 3 had

breached its duty of fair representation to the prevailing employees. As previously discussed in DeRay v Larson unions failure to represent the plaintiff grievances prior to termination could have resulted and most likely would have prevented termination of plaintiff's employment. In paragraph 5 page 5 defendant states " The collective bargaining agreement <u>does not</u> contain any language suggesting that he was entitled to a written warning prior to the termination of his employment or at any other time." Exhibit 19 the February 6, 2002 termination letter refers to reference: Unsatisfactory Performance-Article XXII, paragraph 4(e) "that paragraph states:

(e) It is understood and agreed that prior to terminating an employee for unsatisfactory performance who is to be replaced under this paragraph or any other employee, the company will give a **written warning** to the employee with a copy to the Business Representative in order that the employee be given an opportunity to improve his work performance. Such a termination may be submitted as a grievance to the National Arbitration Committee as provided under Article XV as a final source of appeal. [emphasis added].

Humphrey v More 375 vs. 335 in part states, " The employee must have an opportunity to present their position at a hearing, and must be given notice of such a hearing." Had such a hearing taken place, the grievant, now plaintiff could have made the union realize some requirements they seem to be unaware of that are written in the C.B.A. If the authorized bargaining agent does not know the contents of the collective bargaining agreement how can he or they represent in good faith? If the court is not convinced at this point that the union breached its duty of fair representation the case can go to Jury according to Minnis v International union, United Auto, etc (ca 8 Mo) 531 F 2d (evidence that the union arbitrarily ignored grievance and failed to make even minimal attempt to investigate its merits was sufficient to take case to jury, although union would not be liable for good faith negligence and poor judgment).

### <u>B. Even if the plaintiff had alleged a viable claim for breach of the duty of fair representation, such claim is time-barred</u>.

Here in this time-barred portion, Evidence as attested to in paragraph A shows this decision of no merit, this decision occurred at a meeting with Otis and union without due notice to the plaintiff. The union also admits to not necessarily agreeing with alleged Otis policy in the case. When you combine failure to notify the grievant (DeRay) of the meeting and simply throw the case you combine conspiracy to cover up of a member's grievance and a breach of the union's duty to represent each and every member. Cruz 34F 3d at 1153-54 does not support defendants statement 4 on page 5 of defendants reply. In discussion the Court remarks about union's conduct, and its duty of fair Representation. The court remarked "We find the union's arguments unpersuasive". The union's failure to recognize its written agreement should not prevail in granting summery Judgment. The law is undisputable that the court must deny motion for summery Judgment because the preponderance of the evidence of a breach of duty is present. Union had an obligation under law to process the plaintiffs' grievance and failed or refused this due process. In Cruz the Higher Appellate court found that the district court strayed in favor of cases that did not support the unions obligation and for that reason the district court findings were reversed. In DeRay v Larson, the plaintiff expressed a grievance and the union did nothing consequently the plaintiff reduced the grievance to writing and the union did nothing. The union allowed the plaintiff to be fired and promptly replaced the plaintiff with another union member and therefore set aside the terminated members

grievances. However as in Cruz the terminated employees refused to rest their grievance of fair representation. In DeRay v Larson safety was being mocked in order to terminate a union person fully qualified for the position. In order to succeed in this motion for summery Judgment the court should consider the source or sources presented by the moving party and do they support or remove themselves from the basic obligation. Cruz was over turned and the employees through persistence were made whole. The courts did not entertain the validity of technicalities as is being attempted in this case. The court faithfully held to the obligation of fair Representation, in DeRay v Larson the union failed or refused its obligation summery judgment should not be granted. In Cruz a Jury decided, district set aside monetary award but that was over turned by the higher court authority. Summery judgment should only be applicable if the movant can show that reasonable Jurors or persons could not return a verdict favorable to the nonmovant. The argument is, does the grievant and terminated plaintiff have a meritorious grievance and what was the outcome of the union's duty of fair representation. In Cruz the Jury, the district court and the appellate court found that the union breached its duty of fair representation therefore the defendants and analysis as stated must be wrong. To grant summery Judgment as the defendants motion request would prevent fair minded Jurors from deciding whether or not their was a breach and to what extent the plaintiff should be made whole. Had summery judgment been done in Cruz, Vica or any of the cases referred to, the duty of fair representation may as well cease to exist. However in light of a fair minded Jury as in Cruz it was established that a district court Judge is subject

to error, and the appellate court reinstated the Jury's calculations of a monetary award rather than a dollar.

## Not time-barred

Considering this new twist in the time-barred portion of defendants reply, plaintiff would agree if:

1. The notes as they are written reflect an accurate analysis of what took place at the meeting dated May 23, 2002 Dominic Accarpio, Ron Koerbel, Jude White and John DeRay present.

Background: John DeRay was given due notice to be at the union hall to discuss his grievances concerning Otis elevator with Ron Koerbel, regional director I.U.E.C. John took Jude White along with him because Jude had knowledge of DeRays situation and Jude had similar experiences and encounters with Accarpio and Larson. The meeting began with Accarpio shouting you did not notify me of these grievances. I accused Accarpio to his face that he was lying. Accarpio screamed back you're a liar. Koerbel shouted this meeting is over. Jude and I left the room, and waited in the hallway. Koerbel came out and explained that he does not act on grievances that are not filed through the Local. We all went back into the union office with the understanding, the discussion could only continue if it were done in a calm manner. The meeting continued discussing the manner in which Russ Larson was misusing safety policy to break down union conditions. There was no discussion concerning. Merits of my grievances the merits in my opinion are undisputable. A harness in an elevator can only be a nuisance and a hazard. I did not ever say that I had a meeting

with Otis about being fired, the only meeting I had after being fired was with the union E board about my grievances and why are they not being pursued. Koerbel did suggest that I write to Otis human resources which I did and the union secretary typed the letter. She had also typed the grievances, it was all done in the union office. There were no notes being written during this meeting. These Koerbel notes came to me through a request for production after the case was filed. The notes may be clear that a lawsuit should have been filed within 6 months of such notes or knowledge of their contents. As plaintiff I had no knowledge of their existence and the accuracy of their contents is disputed. An affidavit from Jude-Jude A White is being sent along with this reply. The Genuine issue here is, did the bargaining agent fairly represent the member? Summery Judgment should not be granted.

Plaintiff John DeRay

Certification of Service
A true and attest copy of the forgoing was mailed first class or hand delivered to:

William Gagne Jr.
1260 Silas Deane Highway
Wethersfield, CT 06109

Edward Dempsey
United Technologies Corp.
United Technologies Bldg.
Hartford, CT 06101

Keith R. Bolek
O'Donoghue & O'Donoghue
4748 Wisconsin Ave N.W.
Washington, DC 0016
On Feb 17 2004

By the plaintiff
John DeRay

### Affidavit of Jude A. White

I Jude A White being of sound mind and over the age of 21 make the following statement of my own free will. At the request of John DeRay I read the Local 91 reply brief dated February 3, 2004 and Koerbel notes dated March 14 and May 23, 2002. The brief on page 6 refers to a meeting on May 23, 2002, which I attended. I was present from beginning to end I can testify that Ron Koerbel did not tell John his grievance had no merit what he said was that Dominic did not file a grievance with him and Dominic stated that John did not file a grievance with him. A major argument occurred because John accused Dominic of lying. Mr. Koerbel shouted this meeting is over and John and I went to the hallway and Koerbel came out and said " I cannot pursue a grievance that has not properly been filed, but if you can present your case in an orderly manner we'll see what can be done." The meeting continued and there was no question regarding the merit of John's grievances and Koerbel suggested John write to Otis Labor relations and was provided with an address The impression that I got that, at the meeting on May 23 was that Ron Koerbel was ready willing and able to offer union support following the outcome of Otis human resources. I can also testify that Dominic failed or refused to pursue grievances he said he would look into and that his word is far from reliable. I have personally experienced situations where Dominic Accarpio has resorted to false abusive degrading tactics in order to avoid representing union members. Signed and sworn before me this _____16th_____ day of February ___ 2004.

Jude A. White
*/s/ Jude A. White/*

Notary Public
*/s/ Notary/*
My Commission Expires: September 30, 2005