UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
Bridgeport Division

FILED
2004 MAR -1 A 10: 13
US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| JOHN B. DeRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:02-CV-02139 (JCH) |
| ) | |
| RUSS LARSON, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANTS IUEC, IUEC LOCAL 91 AND KOERBEL'S
MEMORANDUM IN SUPPORT OF JOINT MOTION TO STRIKE
OR, IN THE ALTERNATIVE, LEAVE TO REPLY TO PLAINTIFF'S RESPONSES**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7 of the Local Rules of the United States District Court for the District of Connecticut, Defendants International Union of Elevator Constructors, AFL-CIO ("IUEC"), International Union of Elevator Constructors, Local 91 ("IUEC Local 91") and Ronald J. Koerbel ("Koerbel") jointly move to strike the following documents: (1) "Plaintiffs Response to Defendants IUEC and Koerbel's Reply Brief and Motion for Summery Judgment" (Rec. Doc. No. 74); and (2) "Plaintiffs Response and Opposition to IUEC Local 91 Reply", as well as "Affidavit Jude A. White" dated February 16, 2004 (Rec. Doc. No. 78).

**I.   BACKGROUND**

Defendants IUEC and Koerbel filed a motion for summary judgment on October 31, 2003. (Rec. Doc. No. 34.) Plaintiff John B. DeRay ("DeRay") filed an opposition to the motion on December 29, 2003. (Rec. Doc. Nos. 59-66). Defendants IUEC and Koerbel filed a reply brief on January 13, 2004. (Rec. Doc. No. 70). On January 27, Plaintiff DeRay filed "Plaintiffs

Response to Defendants IUEC and Koerbel's Reply Brief and Motion for Summery Judgment." (Rec. Doc. No. 74.) The document consists of four pages.

In the meantime, Defendants IUEC Local 91 and Dominic Accarpio ("Accarpio") filed a motion for summary judgment on November 26, 2003. (Rec. Doc. No. 49.) Plaintiff addressed this motion in his opposition papers filed on December 29, 2003. (Rec. Doc. Nos. 59-66.) Defendants IUEC Local 91 and Accarpio filed a reply brief on February 3, 2004. (Rec. Doc. No. 76.) On February 17, 2004, Plaintiff DeRay filed "Plaintiffs Response and Opposition to IUEC Local 91 Reply" and "Affidavit Jude A. White" dated February 16, 2004 (Rec. Doc. No. 78).

## II.  ARGUMENT

Simply put, "[n]o sur-reply is permitted under the Local Rules." *Root v. Liston*, Civ. Act No. 3:03-CV-949 (JCH), 2003 U.S. Dist. LEXIS 22318, at *8 (D.Conn. Dec. 10, 2003) (Hall, J.) (case attached). Likewise, the Federal Rules of Civil Procedure do not permit sur-replies.

In this case, Plaintiff DeRay has filed two sur-replies. He filed a sur-reply (Rec. Doc. No. 76) to the reply brief of Defendants IUEC and Koerbel. Plaintiff characterizes his document as a response to the reply brief of Defendants IUEC and Koerbel. A response to a reply brief is a sur-reply. Plaintiff DeRay filed another response to the reply brief of IUEC Local 91 and Accarpio and attached another affidavit of Jude A. White (Rec. Doc. No. 78). These documents are a sur-reply and affidavit in support of a sur-reply.

Accordingly, Defendants IUEC, IUEC Local 91 and Koerbel respectfully request the Court grant their motion to strike Plaintiff DeRay's sur-replies and Jude A. White Affidavit filed in response to the reply briefs. *See Liston*, 2003 U.S. Dist. LEXIS 22318, at *8 (granting motion to strike sur-replies). If, for any reason, the Court denies this motion, Defendants IUEC, IUEC

Local 91 and Koerbel respectfully request an opportunity to respond to Plaintiff DeRay's sur-replies.

DATED: February 27, 2004

Respectfully submitted,

By: _____
Robert Matisoff (Bar No. ct05002)
Keith R. Bolek (Bar No. ct24482)
**O'DONOGHUE & O'DONOGHUE**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 362-0041 – Telephone

By: _____
J. William Gagne (Bar No. ct02126)
**J. WILLIAM GAGNE & ASSOCS.**
1260 Silas Deane Highway
Wethersfield, CT 06109
(860) 522-5049 – Telephone

Attorneys for Defendants IUEC
and Ronald Koerbel

By: _____
J. William Gagne (Bar No. ct02126)
**J. WILLIAM GAGNE & ASSOCS.**
1260 Silas Deane Highway
Wethersfield, CT 06109
(860) 522-5049 – Telephone

Attorney for Defendant IUEC Local 91

113585_1

2 of 20 DOCUMENTS

EDWARD ROOT, Plaintiff, v. TIMOTHY LISTON, Defendant.

CIVIL ACTION NO. 3:03-cv-949 (JCH)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2003 U.S. Dist. LEXIS 22318

December 10, 2003, Decided

**DISPOSITION:** Motion to dismiss denied.

**LexisNexis (TM) HEADNOTES- Core Concepts:**

**COUNSEL:** For Edward Root, Jr, PLAINTIFF: Norman A Pattis, Williams & Pattis, New Haven, CT USA.

For Timothy Liston, DEFENDANT: Matthew B Beizer, Attorney General's Office MacKenzie Hall, Hartford, CT USA. Robert Bishop Fiske, III, Attorney General's Office Public Safety & Special Revenue, Hartford, CT USA.

**JUDGES:** [*1] Janet C. Hall, United States District Judge.

**OPINIONBY:** Janet C. Hall

**OPINION:**

RULING ON DEFENDANT'S MOTION TO DISMISS [DKT. NO. 9] AND MOTION TO STRIKE [DKT. NO. 14]

Plaintiff, Edward Root, alleges claims under *42 U.S.C. § 1983 and 1988*, asserting that defendant, Timothy Liston, violated his rights under the *Fourth, Eighth*, and *Fourteenth Amendments*. Liston brings this motion to dismiss, arguing that he is entitled to absolute immunity, or in the alternative, qualified immunity. [Dkt. No. 9]. He also asks the court to strike the plaintiff's unauthorized sur-reply. [Dkt. No. 14]. For the following reasons, the motion to dismiss is denied and the motion to strike is granted.

**I. BACKGROUND**n1

> n1 On this motion to dismiss, the facts are taken from the allegations of plaintiff's complaint.

This suit arises out of alleged actions of the defendant, a Connecticut Assistant State's Attorney, following the plaintiff's arrest on January 27, 2001. Plaintiff was arrested for failure [*2] to appear in court for the charge of driving under suspension. Plaintiff alleges that he was actually in court and that Liston took affirmative steps to ensure that his case was not called.

The plaintiff was taken into custody and detained. The judge ordered a $1,000 bond. A bondsman appeared at Troop K State Police barracks, where the plaintiff was being held, several times on July 27, 28, and 29, ready to post that bond. During that time, however, Liston had informed the state police that the bond was in fact $250,000.

On July 30, 2001, the plaintiff appeared in the Middletown Superior Court on new charges of threatening and disorderly conduct. A judge set bond at $100,000.

Plaintiff alleges that the defendant knew that a judge-set, $1000 bond was in place between July 27 and July 30, and that he materially misrepresented the amount of the bond set "for the express purpose of assuring that [the plaintiff] remained behind bars and unable to secure his liberty."

**II. DISCUSSION**

**A. Standard**

In evaluating the plaintiffs' complaint, the court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in [the plaintiff's] [*3] favor." *Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000)* (citations omitted). However, "bald assertions and conclusions of law will not suffice to state a claim." *Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000)*, abrogated on other grounds, *Swierkiewicz v. Sorema N.A., 534 U.S. 506, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002)* (internal citations omitted).

**B. Absolute Immunity**

It is firmly established that prosecutors are entitled to absolute immunity from suits for damages arising from activities that are "intimately associated with the judicial phase of the criminal process." *Barbera v. Smith, 836 F.2d*

96 (2d Cir. 1987) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 47 L. Ed. 2d 128, 96 S. Ct. 984, (1976)). This protection encompasses "all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation. . . ." Id. (quoting *Barrett v. United States*, 798 F.2d 565, 571-72 (2d Cir. 1986)).

Defendant's motion to dismiss based on absolute immunity is denied for two reasons. First, while the defendant claims that he has authority to [*4] set bail, he does not cite the court to the source of that authority. n2 The plaintiff does not allege that the defendant improperly advocated for an excessive bail amount, which would be within his function as an advocate for the government. See *Sanchez v. Doyle*, 254 F. Supp. 2d 266, 269 (D. Conn. 2003) (prosecutor immune when he advised police officer who set bail as to the proper amount); see also *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995) (prosecutor immune when he applied for increase in amount of defendant's bail, which was granted). Rather, the plaintiff alleges that the defendant lied about the amount of bail that the judge had set. The defendant presents no authority suggesting that he has authority to determine bail, let alone to misrepresent bail already set by a judge. "An official has no absolute immunity when he has acted in the 'clear absence of all jurisdiction.'" *Doe v. Phillips*, 81 F.3d 1204, 1209 (2d Cir. 1996) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357, 55 L. Ed. 2d 331, 98 S. Ct. 1099 (1978)).

> n2 The court's own search did not uncover any statute that would give the state's attorney such authority, though several statutes give various bond authority to judges ( § 54-63e, § 54-69), police officers ( § 54-63c, § 54-64a), the clerk of the superior court ( § 54-64b), and bail commissioners ( § 54-63d). The state's attorney does have the authority to authorize the police department to delay release ( § 54-63d), but those are not the facts alleged here.

[*5]

Second, even if the defendant, as a Connecticut prosecutor, did have some authority to set bond on a pending charge on which the defendant had not yet been arraigned, the complaint does not set forth if those charges had been filed at the time at which the defendant decided to misrepresent the amount of plaintiff's bail. Instead, the complaint merely states that plaintiff was arrested on July 27, 2001, on a "failure to appear" charge, and that bail was set at $1000; that Liston told police the bond was $250,000; and that on July 30, 2001, plaintiff was presented and arrested on additional, misdemeanor charges of threatening and disorderly conduct, and bond was set at $100,000. If the defendant contends that the facts were different, and that on those facts, he was within his authority as a Connecticut prosecutor, he may present those facts in a motion for summary judgment.

### C. Qualified Immunity

"Under the doctrine of qualified immunity, a government official performing discretionary functions is shielded from liability for civil damages if his conduct did not violate plaintiff's clearly established rights or if it would have been objectively reasonable for the official [*6] to believe that his conduct did not violate plaintiff's rights." *Mandell v. County of Suffolk*, 316 F.3d 368, 385 (2d Cir. 2003). The question is "what a reasonable person in the defendant's position should know about the constitutionality of the conduct." *McCullough v. Wyandanch Union Free Sch. Dist.*, 187 F.3d 272, 278 (2d Cir. 1999). Whether an officer violated a victim's constitutional rights and whether that officer is entitled to qualified immunity are distinct questions. *Saucier v. Katz*, 533 U.S. 194, 207, 150 L. Ed. 2d 272, 121 S. Ct. 2151 (2001). In evaluating a defendant's claim of qualified immunity, the court must consider first, whether there was a constitutional violation, and second, whether the right was clearly established or the violation was "reasonable." Id. The defendant's motion to dismiss does not argue that the plaintiff's complaint does not allege the violation of a constitutional right, so the court will not address that issue. n3

> n3 However, the court assumes that the complaint would at least allege a violation of the right to be free from excessive bail, guaranteed in the *Eighth Amendment*, which has been made applicable to the states through the *Fourteenth Amendment*. See, e.g., *Robinson v. California*, 370 U.S. 660, 666, 8 L. Ed. 2d 758, 82 S. Ct. 1417 (1962). This is a cognizable claim under § 1983. See *Wagenmann v. Adams*, 829 F.2d 196 (1st Cir. 1987) (police officer held liable under § 1983 for influencing clerk to set bail of $500 for defendant arrested on motor vehicle violation charges). He also alleges that the defendant took affirmative steps to ensure that the plaintiff's case was not called so that he might be arrested for failure to appear, which could be taken as a claim for unlawful arrest under the *Fourth Amendment*, see, e.g., *Lennon v. Miller*, 66 F.3d 416 (2d Cir. 1995), and deprivation of liberty without due process of law in violation of the *Fourteenth Amendment*. See, e.g., *Taylor v. Rodriguez*, 238 F.3d 188, 191-192 (2d Cir. 2001). These rights were, in general, well-established at the time of the conduct complained of in this case.

[*7]

Taking the limited facts alleged by the plaintiff, the defendant is not entitled to qualified immunity. The defendant asserts that a reasonable prosecutor would not find it unreasonable to fabricate a $250,000 bail on the new misdemeanor charges of threatening and disorderly conduct, when bail had in fact already been set by the court at $1000 on the failure to appear. Defendant claims that he had authority to revise the bail amount, because other charges had been instituted, making a higher bail amount advisable. However, as discussed above, the complaint does not allege these facts, but rather that the defendant misrepresented the amount of bail by $249,000 on the existing charge on failure to appear, thus unilaterally increasing the plaintiff's bail; the complaint is silent about when those new charges were filed. As a result, on the facts as alleged in the plaintiff's complaint, and without any factual record to consider, the court cannot find that defendant's action was "reasonable," entitling him to qualified immunity.

### III. CONCLUSION

Defendant's motion to dismiss complaint on grounds of absolute and qualified immunity is DENIED [Dkt. No. 9], without prejudice **[*8]** to renew on a fuller factual record at summary judgment. Defendant's motion to strike is GRANTED. [Dkt. No. 14]. No sur-reply is permitted under the Local Rules. See D. Conn. Local Rule 7.
**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 10th of December, 2003.

/s/ Janet C. Hall

United States District Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of "Defendants IUEC, IUEC Local 91, and Koerbel's Joint Motion to Strike Plaintiff's Sur-Replies and Affidavit of Jude White or, in the alternative, Leave to Reply to Plaintiff's Responses," Memorandum in Support (with attached case) and proposed order were served by first class mail, postage prepaid, on this 27th day of February 2004, upon the following:

*Pro Se* Plaintiff:

John B. DeRay
1078 New Britain Avenue, Apt. 104
West Hartford, Connecticut 06110

Counsel for Defendants
Otis, Larson, Hastings
and Lowe:

Edward J. Dempsey
UNITED TECHNOLOGIES CORP.
United Technologies Building
Hartford, CT 06101

Counsel for Defendants
IUEC Local 91 and
Accarpio

J. William Gagne (Bar No. ct02126)
J. WILLIAM GAGNE & ASSOCIATES
1260 Silas Deane Highway
Wethersfield, CT 06109

Keith R. Bolek

113634_1