**MANDATE**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

United States District Court
District of Connecticut
FILED AT    BRIDGEPORT
                 8/16   2006
Kevin F. Rowe, Clerk
By C.W.G.
Deputy Clerk

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 28TH day of October, two thousand five.

PRESENT: HON. DENNIS JACOBS,
         HON. JOSÉ A. CABRANES, and
         HON. ROBERT D. SACK,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

JOHN DeRAY,

    PLAINTIFF-APPELLANT,

    -v.-

OTIS ELEVATOR COMPANY, RONALD KOERBEL, DOMINIC ACCARPIO, INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS, AND INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS, LOCAL 91,

    DEFENDANTS-APPELLEES,

RUSS LARSON, JEFF HASTINGS, ERNEST LOWE,

No. 04-6319

(Seal: UNITED STATES COURT OF APPEALS FILED OCT 28 2005 Roseann B. MacKechnie, CLERK SECOND CIRCUIT)

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____ CLERK

Issued as Mandate 08/16/06

familiarity with the facts, the procedural history, and the specification of issues on appeal.

This Court reviews orders granting summary judgment de novo, asking whether the district court properly concluded that there was no genuine issue of material fact such that the moving party was entitled to judgment as a matter of law. Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).

On December 4, 2002, Plaintiff alleged a hybrid claim under § 301 of the Labor Management Relations Act and a duty of fair representation. The claim is governed by a six-month statute of limitations, which began running when plaintiff knew or should have known about the breach of a duty of fair representation. White v. White Rose Food, 128 F.3d 110, 114 (2d Cir. 1997). The district court found that six days of this tolling period elapsed before plaintiff's union began considering his claim. According to the district court, while the running of the statute was tolled when the union considered plaintiff's claim, the clock resumed running when the union informed plaintiff that it would not pursue his grievance, i.e., on May 23, 2002. We agree with the district court that the plaintiff cannot invoke equitable estoppel to toll further running of the statute. As a result, regardless of the district court's assessment of the initial six days, plaintiff's statute of limitations certainly expired by November 25, 2002, thereby rendering his December 4, 2002 complaint time-barred.

For the foregoing reasons, we AFFIRM the judgment of the district court.

FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK
By:

_Lucille Carr_
Lucille Carr, Deputy Clerk

MANDATE CONSISTING OF
OPINION RECEIVED.
BILL OF COSTS

DATE: _____

RETURN TO CIVIL TEAM

3