# MANDATE

Copy (sent)
(New Haven)
DCCT/NHCt
02cv2139
Hall

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 28TH day of October, two thousand five.

PRESENT: HON. DENNIS JACOBS,
HON. JOSÉ A. CABRANES, and
HON. ROBERT D. SACK,
            Circuit Judges.

- - - - - - - - - - - - - - - - - - -X

JOHN DeRAY,

   PLAINTIFF-APPELLANT,

        -v.-                                        No. 04-6319

OTIS ELEVATOR COMPANY, RONALD
KOERBEL, DOMINIC ACCARPIO,
INTERNATIONAL UNION OF ELEVATOR
CONSTRUCTORS, AND INTERNATIONAL
UNION OF ELEVATOR CONSTRUCTORS,
LOCAL 91,

   DEFENDANTS-APPELLEES,

RUSS LARSON, JEFF HASTINGS, ERNEST
LOWE,

A TRUE COPY
Roseann B. MacKechnie, CLERK

by _____
   DEPUTY CLERK

— Issued as Mandate 08/25/06

DEFENDANTS.

- - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **APPEARING FOR APPELLEES:** | J. William Gagne, Jr., Gagne & Associates, P.C., West Hartford, CT representing <u>Defendant-Appellee International Union of Elevator Constructors, Local 91</u> (on submission) |
| | Keith R. Bolek, O'Donoghue & O'Donoghue LLP, Washington, D.C. representing <u>Defendants-Appellees International Union of Elevator Constructors and Ronald Koerbel</u> (on submission) |
| | Edward J. Dempsey, United Technologies Corp., Hartford, CT representing <u>Defendant-Appellee Otis Elevator Company</u> (on submission) |

Appeal from a Judgment of the United States District Court for the District of Connecticut entered October 8, 2004, granting defendants' motion for summary judgment on statute of limitations grounds. We assume familiarity with the facts, the procedural history, and the issues on appeal.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-appellant appeals from a judgment of the United States District Court for the District of Connecticut entered October 8, 2004, granting defendants' motion for summary judgment after finding plaintiff's complaint time-barred. We assume the parties'

familiarity with the facts, the procedural history, and the specification of issues on appeal.

This Court reviews orders granting summary judgment <u>de novo</u>, asking whether the district court properly concluded that there was no genuine issue of material fact such that the moving party was entitled to judgment as a matter of law. <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 300 (2d Cir. 2003).

On December 4, 2002, Plaintiff alleged a hybrid claim under § 301 of the Labor Management Relations Act and a duty of fair representation. The claim is governed by a six-month statute of limitations, which began running when plaintiff knew or should have known about the breach of a duty of fair representation. <u>White v. White Rose Food</u>, 128 F.3d 110, 114 (2d Cir. 1997). The district court found that six days of this tolling period elapsed before plaintiff's union began considering his claim. According to the district court, while the running of the statute was tolled when the union considered plaintiff's claim, the clock resumed running when the union informed plaintiff that it would not pursue his grievance, <u>i.e.</u>, on May 23, 2002. We agree with the district court that the plaintiff cannot invoke equitable estoppel to toll further running of the statute. As a result, regardless of the district court's assessment of the initial six days, plaintiff's statute of limitations certainly expired by November 25, 2002, thereby rendering his December 4, 2002 complaint time-barred.

For the foregoing reasons, we AFFIRM the judgment of the district court.

FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK
By:

*Lucille Carr*
Lucille Carr, Deputy Clerk